IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT CORYDON, MAY TERM, 1823, IN THE SEVENTH YEAR OF THE
STATE.

---

## MINOR and Another *v.* THE STATE.

A recognizance entered into by the sureties alone, without the principal, conditioned for the defendant's appearance in Court to answer a criminal charge, is valid.

If a recognizance entered into by two persons be forfeited, one scire facias may issue against both, and a separate execution be awarded against each for the amount of his obligation.

Tuesday,
May 6.

APPEAL from the *Knox* Circuit Court.

HOLMAN, J.—*I. Minor* and *W. Minor* entered into a recognizance for the appearance of *Catharine Carrico*, in the *Knox* Circuit Court, to answer to a charge of larceny. She was called and failed to appear. The Court then made the following entry: "It is therefore considered by the Court, that the recognizance heretofore entered into be and the same is forfeited; and that a scire facias do issue to show cause, if any they have, why execution should not issue against them." The scire facias issued against *I.* and *W. Minor.* They appeared and moved to quash the writ, because the said *Catharine* had not entered into the recognizance, because the recognizance was not forfeited, and because no default was entered. The Court overruled the motion, and gave judgment that an execution issue against each of the defendants severally for the sum of 50 dollars, the amount of his recognizance.

The clerical part of these proceedings has not that technical

formality which is usual in records; but we see nothing erroneous in the judgment of the Court. The recognizance was obligatory, although *Catharine Carrico* was no party to it. The suggestion, that she was a married woman, is dehors the record (1). There is no doubt but that this is the recognizance which the Court declared forfeited, although it is not identified by specially naming the defaulters. There is likewise no doubt against whom the scire facias was directed. In the award of execution, it should have been stated that the state have execution; but this omission is unquestionably supplied by the plain intent of the whole case. No one who looks into the record, can doubt in whose favour the executions were to issue. It is too plain to be misunderstood (2).

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Dewey*, for the appellant.

*Moore*, for the appellee.

(1) If Mrs. *Carrico* was a married woman, as suggested, she could not be recognized. The recognizance is entered into only by the sureties, where the party charged is a feme covert, or an infant, or in gaol. 1 Chitt. C. L. 104. So femes covert and infants, when material witnesses for a prosecution, are never recognized to give evidence, for they cannot legally bind themselves. But when required, they are obliged to procure others to be bound for them in a recognizance; 1 Chitt. C. L. 91; and, upon their refusal to find such sureties, they are liable to be committed to gaol, as other witnesses are who refuse to enter into a recognizance themselves. Ibid. Thus, where a material witness, being a feme covert and therefore incapable of entering into a recognizance herself, was required by the magistrate to procure her husband, or somebody else, to enter into a recognizance for her appearance at Court, to give evidence against a person charged with felony; and, upon her refusal to find sureties, or to appear, was committed to gaol; the Court, in trespass against the justice and constable, held that the commitment was legal. *Bennet et ux. v. Watson et al.* 3 Maule & Selw. 1.

(2) Vide *Adair et al.* v. *The State*, ante, p. 200, and note 3.