The People *vs.* David B. Dennis *et al.*

THE PEOPLE *vs.* DAVID B. DENNIS *et al.*

A recognizance is a common law obligation, and, by the common law, the sureties may be bound separately from their principals. In declaring on a recognizance, therefore, an omission to state that the principal was a party to it, cannot be available on a motion in arrest of judgment.

In actions *ex contractu* the nonjoinder of a co-contractor is not a ground of variance, and unless it appear on the face of the declaration, can only be taken advantage of by plea in abatement; and this rule applies to actions on recognizances.

In the recognizance of a person charged with an offence, which has a definite and well understood general name, naming the offence by such, is a sufficient description of it.

Where a recognizance has a condition to do some act, for the doing of which it may properly be taken, and the Court or officer before whom it is taken has authority therefor, the recognizance is valid, although it does not recite the special circumstances under which it was taken; and, in declaring upon such recognizance, it is not necessary to aver facts showing that the Court, or officer, had authority to take it.

Parol evidence is admissible, to show the contents of an indictment which has been destroyed.

The destruction of an indictment before the term at which the accused is recognized to appear, is no defence to an action on the recognizance.

Case certified from Lenawee Circuit.

This was an action of debt, on a recognizance tried at the Circuit Court for the County of Lenawee, at September term, 1852. The plaintiffs' declaration set forth the claim as follows: "For that, whereas, the said defendants, on or about the 25th day of September, 1851, at, etc., came personally before Ahira G. Eastman, a Circuit Court Commissioner for said County of Lenawee, and, then and there, before said Commissioner, in pursuance of the statute in such case made and provided, by a certain recognizance in writing, their own proper hands being thereunto subscribed, acknowledged themselves to be indebted to the People of the State of Michigan in the sum of five hundred dollars, and did then

77

and there consent, that said sum should be made of their goods and chattels, lands and tenements, to the use of the said plaintiffs, if default should be made in the condition, that the said Seth P. Benson, junior, should personally appear at the then next term of the Circuit Court for the County of Lenawee, to be held, etc., then and there to answer to a certain indictment depending against him, the said Benson, for larceny, and then and there to abide the order of the said Circuit Court. The said Commissioner, then and there having competent authority to take such recognizance, which said recognizance was duly filed with the Clerk of said Court, previous to the said next regular term of said Court. Which said recognizance, and the said indictment, have been heretofore destroyed by fire, by the burning of the Court House of said County, and the records and files of said Court, so that they cannot be herein more particularly set forth, and cannot be brought into Court on the trial of this suit; and the said People further aver, that the said next regular term of said Court hereinbefore mentioned, was held in and for said County of Lenawee, in the month of March next; following the taking of said recognizance as aforesaid, and that said Seth P. Benson, although then and there duly called, did not appear nor answer to the said indictment at the said regular term of the said Circuit Court hereinabove mentioned, as bound by said recognizance to do. Whereby the said recognizance was forfeited, and the forfeiture thereof was then and there entered of record in said Court, and an order was then and there entered by said Court, directing the said recognizance to be prosecuted, which said forfeiture of said recognizance and said order will, by the records of said Court, more fully appear." The declaration then alleged the non-payment of the said sum of five hundred dollars, etc.

To this declaration, the defendants pleaded the general issue, and gave notice that they should prove, on the trial in

bar of said action, that before the term at which Benson was to appear by said recognizance, the indictment mentioned in the declaration was destroyed by fire, by the burning of the Clerk's office of said county.

It appeared in evidence, that the defendant was indicted in May term, 1851, of the County Court; that the indictment was prosecuted and filed May seventh, and contained one count for larceny by Benson, of a span of horses, the property of Polly Jones, and another count as accessory before the fact, in the same indictment; that the said Benson elected to be tried by the Circuit Court, and for want of bail was committed. At the September term of the Circuit Court, in the same year, Benson was arraigned on said indictment, and pleaded not guilty, and for want of bail was committed to jail by order of the Court. That on the twenty-fifth day of September, 1851, Ahira G. Eastman, Esquire, a Circuit Court Commissioner of said county, let the said Benson to bail in a recognizance in the sum of five hundred dollars on the part of Benson, with defendants as sureties, in the same recognizance in the like sum conditioned for the appearance of said Benson, at the then next Circuit Court for said county, "then and there to answer to an indictment against him for larceny, and then to abide the order of said Circuit Court."

It further appeared, that in the month of March, 1852, the papers, files and records of the Circuit and County Courts, including the recognizance and indictment in question, were destroyed by the burning of the Clerk's office of said county, previous to the March term of the Circuit Court, at which Benson was to appear, and that at said March term, Benson's default was entered, and an order to prosecute the recognizance entered.

It further appeared, that the recognizance did not state the circumstances under which it was taken, showing the authority of the Commissioner to take it.

The following questions arose on the trial of said cause, and on a motion in arrest of judgment :

1. Whether, as Benson was a party to the recognizance, he should have been mentioned in describing it in the declaration.

2. Whether the recognizance was void, it describing the offence in the indictment to have been "for larceny," without stating what larceny.

3. Whether the recognizance was void, inasmuch as it took no notice of the count in the indictment charging Benson as accessory before the fact.

4. Whether the recognizance was void, because it did not state the circumstances under which it was taken.

5. Whether parol evidence was admissible of the contents of the indictment, it having been destroyed.

6. Whether the destruction of the indictment before the term at which Benson was to appear, discharged him from all obligation to appear, and no trial could be afterwards had on the indictment.

7. Whether the non-appearance of the principal, S. P. Benson, jr., at the March term of the Circuit Court for said County, was not of itself sufficient to maintain the action, without any evidence of the existence of the indictment, and though the evidence shows that the indictment which he was recognized to answer was destroyed.

*S. S. Wilkinson,* Prosecuting Attorney of Lenawee County, with whom was *C. A. Stacey,* for the People.

I. The recognizance being joint and several, the statement of its execution and acknowledgment by defendants, is sufficient. (2 *Chit.'s Pl.,* 116, *note k; Chit. on Bills,* 7 *ed.,* 346.) Where a contract is joint and several, in an action against one, it is not necessary to notice the other. (4 *Camp.,* 34; 5 *Co.,* 119; 1 *B. & A.,* 224.)

II. The authority given by our statute to let to bail does not require a recital of the offence. (*R. S.* 1846, 695, §§ 23, 26; *Ib.,* 696, § 32.)

III. The answer to the last point is sufficient answer to this.

IV. The authority above cited, shows the facts to have been sufficiently stated, and the fact that the officer had jurisdiction is clear from the case presented.

V. Parol evidence is admissible to prove the contents of the indictment, it having been destroyed. (*Lowry* vs. *Cady,* 4 *Vt. R.,* 504; *Jackson, ex. dem. Taylor* vs. *Collum,* 2 *Black R.,* 228; *Hagget and wife* vs. ———, 2 *Hayw. R.,* 76; *Inhabitants of Stockbridge* vs. *West Stockbridge,* 12 *Mass. R.,* 400; *Cow. & Hill's Notes to Phil. Ev.,* 1067, *note* 723.) These cases all recognize the rule to its fullest extent, as laid down in Phillips' Evidence, and in Starkie on Evidence. The doctrine is recognized, to its fullest extent, as applicable to the records of Courts, by Greenleaf. (1 *Greenl. Ev.,* 535, § 509; *Ib.,* 95, *note* 2, *and cases cited.*)

VI. Proof even that the indictment had been *nol. pros'd.,* or that no indictment had been found, would be no defence to action on recognizance. (2 *Comst. R.,* 82; 1 *Bac. Abr.,* 597.)

VII. The authorities show that the non-appearance of the defendant, according to the terms of the recognizance, caused the liability, and that it is no defence, to say no indictment has been found, or that the indictment found has been *nol. pros'd.* or discontinued, because such proceeding may have been caused by the non-appearance of the defendant. (2 *Comst. R.,* 82; 1 *Bac. Abr.,* 597.)

*A. R. Tiffany,* for defendants.

I. As Benson was a party to the recognizance, it should have been stated in the declaration in describing it. (*R. S.,* 584, *Sec.* 42, 43.)

II. The recognizance was void, because there was not a sufficient description of the offence. (*The People* vs. *Blackman*, 17 *Wend.*, 252; 2 *Inst.*, 591; 2 *Hale*, 122; 1 *Chit. C. L.*, 111, 112; *Daniel* vs. *Phillips*, 1 *C. M. & R.*, 662; *Howard* vs. *Gosset*, 10 *Ad. & El.* [*N. S.*], 408; *Opinion of Coleridge, J., Ib.*, 388, 390, 392; 2 *Bing.*, 483; *Cone* vs. *Ward*, 4 *Mass.*, 477; *R. S.*, 692, 1, 3, *and onwards; R. S.*, 696, *Sec.* 32; *R. S. of Mass., Ch.* 135, *Sec.* 30; 4 *Mass.*, 642; 7 *Mass.*, 209; 16 *Ib.*, 447.)

III. It was void because it did not state the circumstances under which it was taken, showing that the officer had power to take it. (*The People* vs. *Kroeber*, 7 *Hill*, 39, *and the cases in 'Mass. last cited;* 10 *Wend.*, 431, 465; 3 *Blackf.*, 108, 344.)

IV. The recognizance was void, because it did not mention both the offences charged in the indictment. (*State* vs. *Wellman*, 1 *Ohio*, 452; *Cone* vs. *Loveridge*, 11 *Mass.*, 337; 7 *Ib.*, 209, 280; 2 *Wash. C. C.*, 423; 2 *Foster* [*N. H.*], 167; 13 *U. S. Dig.*, 567.)

V. The recognizance is void because, being after plea, it should have been to " try the traverse," and not to " answer the indictment."

VI. Parol evidence of the contents of the indictment was not admissible. (*Arch. Cr. Pl.*, 112, 126; *Hilts* vs. *Colvin*, 14 *John.*, 182.)

VII. The destruction of the indictment was, in effect, a discontinuance of the case, and no trial could afterwards be had upon it; because:

1. The defendant could not have a copy of the indictment. (*R. S.*, 699, *Sec.* 22.)

2. Nor be arraigned, if he had not been;

3. Nor could the indictment be read to the jury. (1 *Ch. Cr. L.*, 554.)

4. Nor any objection to the testimony on account of variance be made;

5. Nor a motion in arrest of judgment;

6. Nor a new trial had;

7. Nor any judgment;

8. Nor a writ of error;

9. Nor a certificate of conviction to the keeper of the prison (*R. S.*, 706, *Secs.* 7, 8.)

10. Nor the whole record certified to the Governor. (*Ib.*, *Sec.* 12; 1 *Ch. C. L.*, 722.)

By the Court, DOUGLASS, J.

The first question reserved is, whether, as Benson was a party to the recognizance, this should not have been stated in the declaration.

The declaration does not show on its face whether he was a party or not. From a reference, on the brief of the defendants' counsel, to Revised Statutes, Chapter 134, Sections 42, 43, which provide, that in the case there mentioned, the Circuit Court Commissioner shall be authorized to take the recognizance of a person imprisoned, and of two sufficient sureties, we suppose it is insisted that it is essential to a valid recognizance, that the person bound to appear should be recognized jointly with his sureties; and that, therefore, the declaration does not show a valid recognizance. But a recognizance is a common law obligation, and by the common law, the sureties may be bound separately from their principal; or without this principal being bound at all. (*Minor* vs. *State*, 1 *Blackf.*, 236.) Therefore, the alleged omission cannot be availed of on motion in arrest of judgment, which is based solely upon defects apparent on the face of the record.

The evidence on the trial showed, that in this case Benson, the principal, recognized jointly with the defendants; but it is well settled that in actions *ex contractu* the non-joinder of the co-contractor is not a ground of variance, and unless it appear on the face of the declaration, can only be taken

advantage of by plea in abatement. (*Rice* vs. *Shute, and note thereto,* 1 *Smith's Lead. Cas.,* 287, 292, 296; *Cabell* vs. *Vaughan,* 1 *Wms. Saund.,* 291.)

And this rule applies to actions on recognizances and judgments, viz.: Wilson *vs.* The State, 6 Blackf., 212; Burgess *vs.* Abbott, 1 Hill, 476; S. C., 6 Hill, 135; Cocks *vs.* Brewer, 11 Mees. & Welbs., 51; Needham *vs.* Heath, 17 Verm. R., 224, 225; McGregor *vs.* Balch, Ib., 563, 567.

The second question is, whether the recognizance was valid, because it did not contain a sufficient description of the offence. It was a recognizance to answer to an indictment for larceny, without describing what larceny; in this respect the recognizance was in the form sanctioned by long, and, as far as our knowledge extends, almost uniform usage, both here and elsewhere; and we have no doubt that the naming of the offence, where it belongs to a class which has a definite and well understood general name, is sufficient. (*See* 4 *Monr.,* 128.) We can see no good reason for requiring greater particularity, and the authorities do not seem to require it. (*Gildersleeve* vs. *People,* 10 *Barb.,* 35; *Hall* vs. *State,* 15 *Alab.,* 431; *State* vs. *Weaver,* 18 *Ib.,* 293; *State* vs. *Hamer,* 1 *Cart.* [*Ind.*], 359.)

What we have said on this point, is a sufficient answer to the third question, which is: Whether the recognizance was void, inasmuch as it took no notice of the count in the indictment charging Benson as accessory before the fact.

The fourth question is, whether the recognizance was void, because it did not state the circumstances under which it was taken. Although, at one time some doubts seem to have existed upon the subject, we think it is now well settled, that where the recognizance has a condition to do some act for the doing of which such an obligation may properly be taken, and the Court or officer before whom it was acknowledged, had authority by law to act in cases of that general description, the recognizance is valid, although it does not recite

the special circumstances under which it was taken ; and that, in declaring upon such a recognizance, it is not necessary to aver the existence of the particular facts which show that the Court or officer had authority to take it. (*People* vs. *Kane*, 4 *Denio*, 530; *People* vs. *Millis*, 5 *Barb. S. C. R.*, 511; *Archer* vs. *Commonwealth*, 10 *Grattan*, 638; *Champlain* vs. *The People*, 2 *Comst.*, 82; *Gildersleeve* vs. *People*, 10 *Barb. S. C.*, 35.)

The fifth question is, whether parol evidence was admissible of the contents of the indictment, it having been destroyed. Although there has been some conflict in the authorities, this question also seems to be very well settled. Mr. Greenleaf, in the first volume of his Evidence, section 509, says : "If a record is lost and is ancient, its existence and contents may sometimes be presumed ; but whether it is ancient or recent, after proof of the loss, its contents may be proved like any other document, by any secondary evidence, where the case does not, from its nature, disclose the existence of other and better evidence. And the cases there cited, and in note (2), to section 84, fully sustain this proposition. See, also, Davies *vs.* Petit, 6 Eng. (Ark.) R., 349 ; Osborne *vs.* Eakin, 10 Smedes & Marsh., 549; Derritt *vs.* Alexander, 25 Alab. R., 265; Hill *vs.* Park, 5 Rich. (So. Car.), 87; Harris *vs.* McRea, 4 Ired., 81; Jackson *ex dem. vs.* Cullum, 2 Blackf., 228.

The sixth question is, in substance, whether the destruction of the indictment before the term at which Benson was recognized to appear, was not a good defence to this action on the recognizance.

We think not. The condition of the recognizance, was that Benson should appear at the then next term of the Circuit Court, and answer to an indictment against him for larceny, and *then to abide the order of the Court*. A man's bail are his jailors, and they are bound to have him as much in the power of the Court, as if he were within its prison walls. Without appearance, or an order of Court to that effect, they

78

are never discharged. It would have been no defence to this action, if it had appeared that a *nolle prosequi* had been entered to this indictment. Hawkins, Bacon and Chitty lay down the law to be that "if one bound in recognizance for the appearance of another in the Court of King's Bench at a fixed day, to answer to a particular information against him, and not depart until discharged by the Court, and a *nolle prosequi* is entered on that information, and another exhibited whereto the defendant refuses to appear, the recognizance is forfeited." (*Hawk.*, *Tit. Bail, Book* 2, *Ch.* 15, § 84; *Bac. Abr.*, *Tit. Bail on Cr. Cas.*; 1 *Ch. Cr. Law*, 105.) The reason of the rule, as given by Hawkins, is : "For being express that the party shall not depart until he be discharged by the Court, it cannot be satisfied until he be forthcoming, and ready to answer to any other information to be exhibited against him, while he continues undischarged, as much as to that which he is particularly bound to answer." The subject under consideration was very ably and fully considered by the Supreme Court of New Jersey, in the State *vs.* Stout and others (6 *Halsted R.*, 124.) That was *scire facias* on a recognizance conditioned for the appearance of one Merseran, before the Supreme Court, "to stand the traverse of a certain indictment against him for a misdemeanor, stand to and abide the judgment of the Court, and not depart the Court without leave." The defendant plead that there was not, and never had been, any indictment pending against him in the Supreme Court. But it was held that this was no defence to the action; that the recognizance was forfeited by the non-appearance of Merseran in the Supreme Court, whether there was any indictment then pending against him or not, and that it could only be discharged by an order of that Court. In Adam *vs.* The State (1 *Blackf.*, 200), it was held that a recognizance for the principal's appearance on the first day of a term of Court, was forfeited by his failure to appear on that day; and that the sureties would continue liable,

unless he appeared during the term, although no indictment should be found against him. And The State *vs.* Cooper (2 *Ib.*, 226), is another case to the same effect.

Present and concurring, PRATT, GREEN, COPELAND, MARTIN, JOHNSON, WILLSON and BACON, J. J.