State v. Woerner.

THE STATE OF MISSOURI, Respondent, *v.* J. G. WOERNER, Appellant.

*Appeal—Final judgment.*—The judgment upon a *scire facias* upon a recognizance awarding execution is a final judgment from which an appeal lies.

*Jurisdiction—St. Louis Criminal Court.*—The St. Louis Criminal Court has jurisdiction to issue *scire facias* and award execution upon a recognizance taken by or returned into said court.

*Scire facias—Parties.*—Execution may be awarded against one party to a recognizance although the other be not summoned.

State v. Woerner.

*Appeal from St. Louis Criminal Court.*

*C. D. Colman*, for appellant.

I. The St. Louis Criminal Court possesses no jurisdiction or authority to entertain any proceedings or to determine any question in relation to the rights of parties to a forfeited recognizance:

1. The St. Louis Criminal Court has such " original and appellate jurisdiction " as is " vested in the several Circuit Courts of this State in criminal cases," and in none other. (R. C. 1855, p. 1589, § 1.)

2. The proceedings for the enforcement of the undertaking of the appellant are, in their nature and character, *civil*, as distinguished from *criminal*. (See 3 Gil. Ill. 82; R. C. 1855, p. 1205, § 20, and p. 853, § 1; State v. Hopkins, 30 Mo. 404-5.)

*S. Voullaire*, for respondent.

I. The St. Louis Criminal Court had power to issue a *scire facias* upon a recognizance in the present case, and had power to render judgment upon said *scire facias*. (R. C. 1855, p. 1589, § 1, 2, 3 & 12; State v. Ramsey, 23 Mo. 327; State v. Randolph, 22 Mo. 467, and authorities therein cited.)

BATES, Judge, delivered the opinion of the court.

On the 13th of August, 1859, Henry Schaeffer and the defendant Woerner, before a judge of the St. Louis County Court, entered into a recognizance, conditioned for Schaeffer's appearance before the St. Louis Criminal Court on the first day of the next term and from day to day during the term, and on the first day of any future term to which the cause might be continued, to answer an indictment preferred against Schaeffer for grand larceny, and that he should not depart the court without leave thereof.

There was then no indictment against Schaeffer, but on the 19th of September following an indictment against him was returned by the grand jury into the Criminal Court.

On the 28th September the recognizance was forfeited, and *scire facias* ordered against Schaeffer and Woerner. The *scire facias* was issued on the 8th of October, and served on Woerner on the 7th of November, and a return was made that Schaeffer was not found. Neither of them appeared or pleaded to the *scire facias*, and on the 13th of January, 1860, execution was awarded against Woerner. It does not appear that anything further was done as to Schaeffer. On the next day Woerner filed a motion to arrest the judgment, for the following reasons:

1. Because the court has no power to issue a *scire facias* upon a recognizance not taken in this court.

2. Because the plaintiff in this court has no power under the statute creating it, or otherwise, to sue on a recognizance by *scire facias*.

3. Because this court has no power to render the judgment which has been entered upon this cause.

4. Because all the proceedings are irregular, and the judgment against this defendant is absolutely null and void.

The Criminal Court overruled the motion, and Woerner appealed to this court.

We can only review questions made in the court below. The defendant having failed to plead to the *scire facias*, we can only look to such questions as arise upon his motion in arrest of judgment. Strictly speaking, there is no judgment in the case. The recognizance is a debt confessed to the State, (which may be avoided upon the conditions stated,) and when forfeited is said to be *equivalent to a judgment,* but no execution against the cognizors is awarded until after the return of a *scire facias;* so that, for practical purposes, the decision of the court upon the issues made upon the *scire facias* or the confession of its truth, by default or otherwise, may be regarded as the final judgment in the case, from which an appeal will lie, and to arrest which a motion may be made.

We conceive that there are only two questions arising upon this record to be determined. The first is as to the

jurisdiction of the St. Louis Criminal Court over the proceedings upon forfeited recognizances. The St. Louis Criminal Court has "all the original and appellate jurisdiction in criminal cases vested in the several Circuit Courts of this State." The *scire facias* upon a recognizance is in its nature a civil proceeding, as distinguished from a criminal proceeding, but it so grows out of the criminal proceedings, and is so necessary to the exercise of the jurisdiction vested in the Criminal Court, that we must believe it to be included among the powers vested in that court. It cannot be doubted that that court may take recognizances, and that recognizances taken by other courts or officers must be returned into that court; and if it can do nothing of a civil nature in regard to the prosecution of the recognizances, it cannot even forfeit them; and as no other court can, all recognizances would be as ineffectual as if actually void. The Criminal Court had power to issue the *scire facias* and award execution upon it. Secondly, we proceed to inquire whether there was any irregularity amounting to error in awarding execution against Woerner when there had been no service of the *scire facias* upon Schaeffer, and no further proceedings against him. We think that execution may be awarded against one, though the other be not summoned. (Bac. Abr. tit. Execution, G.; 2 Tidd's Prac. 1126; Sans v. The People, 3 Gilman, 327; Crisman v. The People, 3 Gilman, 351, and Pasfield v. The People, 3 Gilman, 406; McFarlan et al. v. The People, 13 Ill. 14.)

Judgment affirmed; Judges Bay and Dryden concur.