STATE OF MISSOURI, Respondent, v. JAMES O. PEYTON
*et al.*, Appellants.

Kansas City Court of Appeals, December 10, 1888.

1. **Criminal Law**: PRACTICE AS TO FORFEITED RECOGNIZANCE: SCIRE
FACIAS. The practice in proceedings like this, relating to a for-
feited recognizance, is to look to and examine the record, and if it
is sufficient to support the judgment the judgment should be sus-
tained, notwithstanding there may appear omissions and irregu-
larities in the recognizance or the writ of *scire facias.*

2. ———: NATURE AND PURPOSE OF WRIT OF SCIRE FACIAS IN SUCH
CASE: DEFENSE TO. The *scire facias* is not the commencement of
a civil action to be answered or demurred to as a pleading in a
civil suit, but is simply an incident to a proceeding already in
court, and the defense interposed should strike at the record, and
set forth valid reasons why the judgment of forfeiture should not
be made absolute and execution should not go against the parties
served with it.

3. ———: WHEN JUDGE MAY GRANT BAIL ON RECOGNIZANCE. When
the defendant is in custody, or under arrest for a bailable offense,
the judge of the circuit court, in which the indictment or infor-
mation is pending, may let him to bail and take his bond. (Laws
of Mo. 1881, p. 118).

4. ———: PRINCIPAL AND SURETY: SIGNING OF RECOGNIZANCE BY
SURETY : CASE ADJUDGED. Where it is admitted by the sureties in
a recognizance that they signed it (as is done here), they would be
held liable even if the principal had not signed it.

5. ———: PLACE OF HOLDING COURT: WHAT IS THE COURTHOUSE.
The very fact of holding the court at a particular place implies a
judicial assertion of the right to hold it. The court, in such case, is
*de facto*, and its proceedings are not void, even though its session
be in a place unauthorized by law. The place where such a court
was held was, at least *pro hac vice*, the courthouse.

6. ———: SCIRE FACIAS : PARTIES TO. Execution may be awarded
against one party to a recognizance, although the others be not
summoned. (*State v. Woerner*, 33 Mo. 216).

*Appeal from Cass Circuit Court.*—HON. D. C. BARNETT,
Special Judge.

AFFIRMED.

The case is stated in the opinion.

*Wooldridge & Daniel,* for the appellants.

(1) Neither the principal in the bond nor the
sureties being in court, when forfeiture of the bond was
taken, the entry of forfeiture thereof, nor the recitals
therein, were competent evidence against the sureties;
and the court erred in admitting the same in evidence
against these defendants. *Funkhouser v. Howe,* 24
Mo. 48; *Pomeroy v. Betts,* 31 Mo. 419; *George v. Mid-
dough,* 62 Mo. 549, 551; *State ex rel. v. Adams,* 44 Mo.
572, 589; *Roach v. Burnes,* 33 Mo. 319; *In re Bomino's
Estate,* 83 Mo. 447, and cases cited; *Lloyd v. Wayne,*
21 Cent. Law Jour. 9; *Windsor v. McVeigh,* 3 Otto,
274; *State v. Woodley,* 25 Ga. 235. (2) The effect of a
general denial is to traverse every allegation contained
in the *scire facias,* including the alleged custody of
the principal by the sheriff, and there was no evidence
of such custody. *Baker v. State,* 21 Tex. App. 359;
*Reddick v. State,* 21 Tex. App. 267. (3) There was no
legal and competent evidence of facts necessary to give
the circuit judge authority to take or approve the bond.
The principal, James O. Peyton, did not personally
appear before the circuit judge who took and approved
it, but appeared by agent. The appearance by agent
was not in court, but in the chambers of the judge.
There is no evidence that the principal was at the time
under arrest or in custody. Laws 1851, p. 118. A
bond or recognizance taken by a circuit judge in term
time, but in his chambers, is void. *Commonwealth v.
Littell,* 1 A. K. Marsh. 566; *Darby v. State,* 21 Ark.
523; *Cooper v. State,* 23 Ark. 278. (4) A bond taken
by an officer not authorized, under the circumstances
and facts, is not binding under the statute, and is void

as a common-law obligation. *Dickinson v. State*, 20 Neb. 72 ; *Adams v. Wilson*, 10 Mo. 341 ; *State v. Randolph*, 26 Mo. 213 ; *State v. Ferguson*, 50 Mo. 409 ; *Garnett v. Rogers*, 52 Mo. 145 and 326 ; *Moore v. Damon*, 4 Mo. App. 111 ; *Hessey v. Heitcamp*, 9 Mo. App. 36 ; *State v. Sartain*, 23 Ark. 541 ; *Hogan v. State*, 23 Ark. 636 ; *State v. Walker*, 1 Mo. 546 ; *State v. Ramsey*, 23 Mo. 327. (5) The maxim "*volenti non fit injuria*," cannot be extended to bonds in criminal proceedings ; no other bond can be taken than one authorized by law ; if unauthorized, or illegally taken, the instrument does not bind the parties. *Governor v. Fay*, 8 La. Ann. 490 ; *State v. Vion*, 12 La. Ann. 688 ; *Cooper v. State*, 23 Ark. 278 ; *State v. Sartain*, 23 Ark. 541 ; *Hogan v. State*, 23 Ark. 636. (6) Before the order of forfeiture was taken, the principal and sureties on the bond should have been called three times, whereas the evidence shows only one calling. *McArdle v. McDaniel*, 75 Ga. 270. (7) They should have been called at the courthouse instead of a hall two hundred and fifty feet distant from it. (8) There was no service of *scire facias* on the principal in the bond, and no second writ of *scire facias* was issued. The return of *non est* on one writ as to the principal did not authorize the judgment against him, and being void against him is not valid against the sureties. *Cantatine v. State*, 33 Ala. 439 ; *Napton v. Leaton*, 71 Mo. 358 ; *Eager v. Stover*, 59 Mo. 87 ; *Rush v. Rush*, 19 Mo. 441 ; Bayliss on Sureties, 149. (9) The *scire facias* in the case declared upon a forfeiture of recognizance, and the instrument relied upon by the state was a bail bond. The variance between the pleading and the proof was fatal. *Garrison v. State*, 21 Tex. App. 342 ; *State v. Woodley*, 25 Ga. 235. (10) The contract of a surety is to be strictly construed. *Miller v. Stewart*, 9 Wheat. [U. S.] 680 ; *United States v. Ulrici*, 111 U. S. 38 ; *Blair v. Ins. Co.*, 10 Mo. 560 ; *Nofsinger v. Hartnell*, 84 Mo. 549 ; *City v. Porter*, 76 Mo. 358.

*Whitsitt & Jarrott,* for the respondent.

(1) "When defendant is in custody or under arrest for a bailable offense the judge of the court in which the indictment or information is pending may let him to bail and take his bond." Sess. Acts 1881, sec. 1, p. 118, amending section 1829, R. S., 1879. (2) The recognizance need not state the crime for which defendant was convicted. *State v. Heed,* 62 Mo. 559. (3) The judgment on the forfeiture of the recognizance was a judgment of the court. "All proper presumptions will be indulged in favor of the judgments of courts of record. It will be presumed that the necessary proceedings were complied with." *State v. Rogers,* 36 Mo. 138. (4) From the record in this case the state is entitled to judgment. *State v. Randolph,* 22 Mo. 275 ; *State v. Littlepage,* 30 Mo. 324; *State v. Ferguson,* 50 Mo. 470 ; *State v. Porter,* 60 Mo. 369 ; *State v. Heed,* 62 Mo. 560. (5) There was no judgment rendered against J. O. Peyton. The judgment was against the securities. (6) The record shows that all of the proceedings were regular, and that the forfeiture was properly taken.

RAMSAY, J.—The record in this case discloses the following facts : That James O. Peyton on the twenty-sixth day of March, 1887, during the March term of the Cass county circuit court, was indicted for the crime of burglary and larceny, by the grand jury empaneled at said term. The indictment was regularly found, returned and filed, and the defendant Peyton, at the time being under arrest and in custody of the sheriff of the county, on the eleventh day of April, with his co-defendants E. N. Peyton, John Peyton, John S. Johnson and E. W. Shaler, as his securities, entered into a recognizance as follows: " State of Missouri, County of Cass.—ss. We, James O. Peyton, as principal and Edward N. Peyton, and E. W. Shaler and John S. Johnson and John Peyton as securities, acknowledge ourselves to jointly and severally owe and be indebted

to the state of Missouri in the sum of six hundred dollars, to be void on this condition, to-wit, "That if the said James O. Peyton shall personally be and appear before the circuit court of the county of Cass, on Friday, the fifteenth day of April, 1887, at the courthouse in the city of Harrisonville, in said county, to answer to the charge of burglary for which he has by the grand jury been indicted, and not depart the court without leave, then this recognizance to be void, otherwise to remain in force. Witness our hands and seals this eleventh day of April, 1887. James O. Peyton, E. N. Peyton, John Peyton, John S. Johnson, by E. N. Peyton, E. W. Shaler. Approved April 11, 1887. Chas. W. Sloan, circuit judge Cass county, Mo." On the back of which was endorsement as follows: "Filed April 11, 1887. T. N. Haynes, clerk." This recognizance was presented to and approved by Hon. C. W. Sloan, judge of said circuit court, on the morning of April 11, at chambers. Though the term of court was still continuing the recognizance was taken and approved by the judge, at chambers, at an early hour before court opened, to enable him to leave on the morning train. The defendant James O. Peyton failing to appear in the circuit court on April 15, when his case was called for trial, after he and his securities were three times called, a judgment of forfeiture of the recognizance was taken and entered of record and a *scire facias* was issued against the defendant James O. Peyton and his securities returnable to the next term of the court. It appears that James O. Peyton was not found. The *scire facias* was served on all of the securities and on October 1, 1887, they appeared in court and filed answer to the writ in which they claimed that the judgment of forfeiture ought not to be made final against them for the reasons, that said recognizance was not taken in open court, while court was in session ; that the recognizance stated that said defendant was to appear and answer to a charge of "burglary" and not burglary and larceny as stated in the *scire facias ;* that defendant was not called before said forfeiture was taken, and

that the recognizance was not taken by any person authorized by law to take it. The cause was tried before Hon. D. C. Barnett, special judge, without the intervention of a jury, and the finding and judgment were for plaintiff, from which defendants have appealed to this court.

The practice in proceedings of this character is to look to and examine the record and if it is sufficient to support the judgment, the judgment should be sustained notwithstanding there may appear omissions and irregularities in the recognizance or the writ. The *scire facias* is not the commencement of a civil action to be answered or demurred to as a pleading in a civil suit, but is simply an incident to a proceeding already in court, and the defense, if any, interposed by defendants served with such a writ should strike at the record and set forth valid and substantial reasons why, from defects in the record, the judgment of forfeiture should not be made absolute and execution should not go against them. Section 1, page 118, Laws, 1881, provides : "When the defendant is in custody or under arrest for a bailable offense, the judge of the circuit court in which the indictment or information is pending may let him to bail and take his bond." Under this section, Judge Sloan was expressly authorized to take the recognizance at the time and in the manner he did.

It is claimed that the principal in the recognizance, James O. Peyton, did not appear in person before the circuit judge at the time the bond was approved. This objection does not appear to have been raised in the lower court and is in conflict with the record. But even if it had been properly presented and shown to be true, it could be of no avail to these defendants. They admit that they signed the recognizance. If so, they would be held liable even if the principal had not signed it. *Minor v. State*, 1 Blackf. 236; *State ex rel. v. Lewis*, 4 Blackf. 20.

The fact that the recognizance obligated James O. Peyton to appear to answer the crime or charge of "burglary" when the indictment was for "burglary

and larceny" did not affect the validity of the recognizance. The record shows the crime with which Peyton stood charged and the recognizance given for his appearance in that proceeding was sufficient to compel his attendance to answer the charge with which he stood indicted. *State v. Hedd*, 62 Mo. 559.

It is claimed that neither the principal nor the securities in the recognizance were called three times at the courthouse before the forfeiture was taken. The record is at variance with this claim. The trial court found and expressed its finding that the defendant James O. Peyton was three times called at the courthouse door, but came not, but made default, and that each of the securities was likewise three times called, and they failed to respond, or to produce in court the principal in their bond. The record entry of the judgment of forfeiture also recites the fact that the parties were three times called. The evidence of Chas. Bush, acting deputy sheriff, was that he called each of the defendants three times. The only ground upon which such an objection to the proceeding can possibly be asserted is that the circuit court was in session in Barrett's Hall, a building some two hundred and fifty feet distant from the old courthouse. It appears from the record that the courthouse had been condemned, and for some time prior to the date of this forfeiture, Barrett's Hall had been used for a courthouse. As said in *Bouldin v. Ewart*, 63 Mo. *loc. cit.* 335: "The very fact of holding the court there necessarily implied a judicial assertion of the right to hold it. It was a *de-facto* court and its proceedings were not void, even should it be conceded that its session was at a place unauthorized by law. This being so, the place where such court was held was, at least *pro hac vice*, the courthouse." See also *Kane v. McCown*, 55 Mo. 189.

It is further urged here that no second writ of *scire facias* was issued and that a single return of *non est* as to the principal did not authorize the judgment against him. It is true the record shows but one return of *non*

*est* as to James O. Peyton. Before an execution could lawfully issue against him he should be personally served, or two returns of *non est*, which are equivalent to service, should be made, but we do not see how the fact can favorably affect the rights of these defendants. The judgment against them was rendered when the forfeiture was taken and entered of record. It was upon a recognizance fixing their liability as joint or several ; the writ of *scire facias* issued and served upon them was for the purpose only to enable them to appear in court and show to the court such valid, legal reasons as they could, why execution should not be issued against them on the judgment of forfeiture which had already been rendered against them. The proceeding is unlike the cases cited by counsel for defendants. The exact point here urged was decided by the supreme court of this state adversely to their claims in the case of *State v. Woerner*, 33 Mo. 216.

From a careful examination of the record we discover no error. The record presents a plain case of forfeited recognizance. The objections urged by defendants against the regularity of the proceedings are of a technical character and could in no manner affect the substantial rights of the parties. The judgment of the lower court is therefore affirmed. All concur.