## THE STATE v. HARRY LACKER et al.; SAM WEISMAN, Appellant.

### Division Two, January 4, 1915.

1. **BAIL BOND: Court of Criminal Correction.** The court of criminal correction of the city of St. Louis has power, where an information has been filed charging a felony, to bind defendant, by proper bond, to appear in the circuit court to answer the charge.

2. ————: No Service of Principal. The fact that the principal in the bail bond was not served with the *scire facias*, does not invalidate the proceedings resulting in a judgment against the surety.

3. ————: ————: Dismissal as to Principal. The failure to dismiss as to the principal in the bail bond, who was not served with the *scire facias*, before rendering judgment against the surety, does not invalidate the judgment.

4. ————: Appellate Jurisdiction. The Supreme Court has jurisdiction of the appeal from a judgment by *scire facias* on a recognizance given in a felony case, although the penalty of the bond was only $1500.

Appeal from St. Louis City Circuit Court.—*Hon. Kent K. Koerner*, Judge.

AFFIRMED.

*Thomas J. Rowe, Jr.*, for appellant.

*John T. Barker*, Attorney-General, and *Thomas J. Higgs*, Assistant Attorney-General, for the State.

(1) The recognizance was in writing and taken by the judge of the court as provided by statutes. The statutes were complied with in every particular and no error appeared. Secs. 5048, 5134, R. S. 1909; State v. Zwiffle, 22 Mo. 467; State v. Randolph, 22 Mo. 474; State v. Epstein, 186 Mo. 100; State v. Eyerman, 172 Mo. 305. The signatures to the recognizances are sufficient and the recognizance was properly taken. State v. Wilcox, 59 Mo. 176; State v. Stone, 106 Mo. 1; State v. Caldwell, 124 Mo. 509. (2) The judgment of forfeiture is in accord with the recognizance and complies with the statutes. Sec. 5134, R. S. 1909. (3) The *scire facias* sufficiently set out the charge, the entry of default and all other facts necessary for the information of the surety, and the form has been approved by decisions of this court. Secs. 5019, 5134, R. S. 1909; State v. Abel, 170 Mo. 59; State v. Epstein, 186 Mo. 93.

ROY, C.—On November 18, 1913, Lacker as principal and Weisman as his surety in the court of criminal correction of the city of St. Louis gave bond in the sum of $1500 to secure his appearance in the circuit court to answer the charge of felony in stealing from the person of Charles W. LaGrave. On November 22, 1913, an information was filed in the circuit court charging Lacker with having stolen from the person of said LaGrave a pocketbook worth ten cents and twenty-eight dollars in money. The case was then continued to the December term. On January 5, 1914, the defendant Lacker failed to appear and made default, the bond was declared forfeited and there was an order that a *scire facias* and an *alias capias* issue. On January 6, 1914, the *scire facias* was issued and it was served on defendant Weisman on January 7, 1914. There was no return as to defendant Lacker either on the *scire facias* or on the *alias capias* which was issued.

On February 26, 1914, the proceeding on the *scire facias* was continued to the next term. The writ of *scire facias* was regular in all respects, containing the necessary recitals.

On May 7, 1914, the following proceedings were had in the case:

"Now at this time the defendant, Sam Weisman, not having sufficient reason shown why the plaintiff, the State of Missouri, should not recover her debt and costs according to the term of the bond heretofore entered into in said cause, it is therefore considered and adjudged by the court that the plaintiff, the State of Missouri, have and recover from the defendant, Sam Weisman, her debt of fifteen hundred dollars, together with the costs herein accrued, and have execution for the same."

The defendant Weisman appealed. There was no dismissal as to Lacker.

I. Appellant has filed no brief in this case. We have examined the record carefully. The information charges a felony; the declaration of for-
**Bail Bond.** feiture is regular. We discover no irregularity in the bond, nor in the declaration of the forfeiture of the bond. The court of criminal correction had power to bind defendant to appear in the circuit court to answer a charge of felony. [Laws 1869, p. 198, sec. 21; R. S. 1899, sec. 21, p. 2545.]

II. The fact that Lacker was not served with the *scire facias* does not invalidate the proceedings. The judgment was properly rendered against
**Service.** the surety who was served. [State v. Woerner, 33 Mo. 216.]

III. The failure to dismiss as to Lacker before rendering judgment against Weisman does not invalidate that judgment. [State v. Abel, 170 Mo. 59.] The recognizance having been given in a felony case, we have jurisdiction of this appeal. [State v. Epstein, 186 Mo. 89; State v. Grant, 252 Mo. 1. c. 609.]

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.