THE STATE, Appellant, vs. DAVIDSON, Respondent.

1. A recognizance taken by a justice, conditioned that a party charged with crime shall appear before the proper court at its next term, is not void for omitting to add "to answer the charge" or "to answer an indictment."
2. A recognizance cannot be *quashed*. Its validity can only be contested upon a *scire facias* after forfeiture.

*Appeal from Dent Circuit Court.*

*Gardenhire*, (attorney general,) for the State.
No appearance for respondent.

RYLAND, Judge, delivered the opinion of the court.

From the record in this case, it appears that David Dotson was arrested and brought before a justice of the peace in Dent county, for an attempt to commit a rape upon the person of Elizabeth Wilhelms; that the justice ordered said Dotson, after

having inquired into the charge, to give bail for his appearance at the next term of the Circuit Court; that Dotson, with his sureties, entered into a recognizance to appear before the Circuit Court, on the first day of the next term thereof. The recognizance is set out in the record, and is subscribed by said Dotson, as principal, and Davidson, Speck and others as his sureties.

On the first day of the next succeeding term of the Circuit Court, to which day the party was recognized to appear, his sureties appeared and represented to the court that said David Dotson had failed and neglected to appear in pursuance of his recognizance, and had absented himself. They thereupon filed their motion to quash the said recognizance, alleging as reasons in support of their motion, 1, that it is not taken pursuant to the statute, in requiring defendant to appear and answer the charge; 2, it was not certified as required by statute; it was taken in a cause wherein one Elizabeth Wilhelms was the supposed injured party, when, in fact, no such person ever presented or filed a complaint against said defendant; 3, all the proceedings are illegal, irregular and void.

The court below sustained the motion to quash the recognizance, and the same was accordingly quashed, and the recognizors discharged.

To this action of the court, the circuit attorney objected and excepted, filed his bill of exceptions, and brings the case here.

1. After said Dotson and his sureties acknowledge themselves to owe and stand indebted to the state of Missouri, in the sum of three hundred dollars, to be paid, &c., the condition to the obligation is annexed, as follows: "The condition of this obligation is such that, whereas, David Dotson, of the county of Dent, and state of Missouri, having been charged with an attempt to commit a rape upon the person of one Elizabeth Wilhelms, of Dent county, Mo., and upon said charge, said Dotson was arrested and brought before Jotham Clark, an acting justice of the peace of Dent county, and state of Missouri, on the first day of August, A. D. 1854; the justice, after hearing

the testimony of the several witnesses, and taking into consideration the cause, it was thought right by said justice that he (Dotson) give bond for his appearance at the Circuit Court, in amount, three hundred dollars : Now, if the said Dotson shall be and appear in his proper person, before the honorable judge of the Dent Circuit Court, at the court house, in the town of Salem, in said county of Dent, on the first Monday in September, A. D. 1854, and not depart without leave of said court, then this obligation to be void ; otherwise to remain in full force," &c. ; it was signed by the said Dotson and his sureties, and a scroll, by way of seal, opposite each name.

This court cannot see why the Circuit Court considered this recognizance or obligation void. It is true it omits to say to " answer the charge aforesaid," or to answer to an indictment to be then and there preferred against him ; but such omission does not render the recognizance void ; it is sufficient and should not have been quashed, even if that was the proper mode to test its validity.

2. But we do by no means admit that such mode was the proper way to test the validity of the recognizance. The Circuit Court should not have permitted the sureties for Dotson in his absence to have made any such motion ; it was the duty of the court to have had Dotson called, and to have called his recognizors, and upon the neglect or failure of Dotson to appear and surrender himself in court, or upon the failure of his bail to produce him in court, then the court should have had the recognizance declared forfeited, and a *scire facias* to issue thereon against the recognizors.

This practice of hearing motions to quash the recognizance, in the absence of the principal obligor, must lead at once to the subversion of all proper administration of the criminal law. The Circuit Court might take the forfeiture of the recognizance, and upon the bail producing the accused at the next term, that court might direct all further proceedings to be stopped against the bail, upon the forfeiture, as it is not money, but the punishment of the guilty that the law mainly requires in such cases.

If, upon the *scire facias*, the question about the validity of the recognizance should occur, then the court must decide that question; but not upon a motion made by the bail in the absence of their principal. The recognizors would have but to hide their principal out for a short time, go to court and move to quash the recognizance for some slight and informal defect, get the recognizance quashed, and thereby put an end, so far as the state is concerned, to the whole matter.

This course is not to be permitted. The recognizors have power over their principal; they can take him any where, and they can deliver him up to the jailor of the county; he is supposed to be in their hands instead of being " within the four walls of the prison." Let them, then, know that they must produce him in court, or show cause, upon the *scire facias*, why the state should not have judgment against them on their recognizance.

The judgment of the court below, in this case, is reversed, and the case is remanded, that the order quashing the recognizance may be set aside; the other judges concurring.