THE STATE, Appellant, v. HOPKINS, Respondent.

1. The validity of a recognizance entered into by a party for his appearance to answer an indictment can not be determined upon a motion to quash the same ; but only upon *scire facias* after forfeiture.

### Appeal from Crawford Circuit Court.

*Knott,* (attorney general,) for the State.

I. This case is an exact parallel to the case of the State v. Davidson, 20 Mo. 406, in which the court held that a recognizance could not be quashed. Its validity can only be contested upon a *scire facias* after forfeiture.

*Wingo,* for respondent.

I. The court did not err in setting aside the judgment of forfeiture of the recognizance, and in quashing the recognizance. Hopkins entered his appearance without *scire facias,* and the recognizance was certainly void in requiring the defendant Todd to appear on the third Monday after the fourth, as mentioned in the recognizance, that being a time at which no court was held or to be held in Crawford county.

EWING, Judge, delivered the opinion of the court.

One B. F. Todd, with the respondent Hopkins as his surety, entered into a recognizance for his appearance at the circuit court to answer an indictment which had been found at the June term, 1859, for selling goods as a merchant without license. The recognizance was taken by the sheriff August 26, 1859, the condition of which is, that if the said Todd " does well and truly appear at the next regular term of the circuit court of said county, on the first day of said term, to be begun and holden in the court-house, in the town of Steelville, on the third Monday after the fourth Monday in September next, and not depart," &c. At the April term, 1860, Todd made default, and judgment of forfeiture of the

recognizance was taken against him. Subsequently, during the same term, the respondent, Hopkins, appeared and moved the court to set aside the judgment of forfeiture and quash the recognizance, because by its terms Todd was bound to appear on the third Monday after the fourth Monday, instead of the fourth Monday in September, and the recognizance was therefore void. The time of holding the court, as fixed by law, was the fourth Monday. The motion was sustained and the State brings the case here by appeal.

It has been decided by this court that the validity of a recognizance can not be tested by a motion to quash; it can be tried only upon a *scire facias*. (State v. Davidson, 20 Mo. 408.) The recognizance is an obligation of record; and before the State commences proceedings to recover the penalty, causing a writ of *scire facias* to issue, (which of course can only be done after forfeiture, as no right of action accrues before,) there is no suit or matter of controversy over which jurisdiction could be exercised.

Whether the recognizance is invalid or not, we express no opinion, as that question is not properly before us.

Judgment reversed and the cause remanded; the other judges concuring.

*Knott*, (attorney general,) for the State.

*Wingo*, for respondent.