THE STATE OF MISSOURI, Respondent, v. J. L. JENKINS ET AL., Appellants.

St. Louis Court of Appeals, February 1, 1887.

CRIMINAL LAW—BAIL BOND TAKEN BY SHERIFF.—A sheriff in whose custody is a prisoner on a warrant of commitment for failing to give bail, may take a valid bail bond, even in felony cases, where the amount of the bail has been fixed by an order of court entered of record.

APPEAL from the Cape Girardeau County Circuit Court, J. D. FOSTER, Judge.

*Affirmed.*

LEWIS BROWN, for the appellants.

THOMPSON, J., delivered the opinion of the court.

In this case the defendant, Jenkins, was indicted for a felony, and the court, by an order of record, fixed his bail at five hundred dollars. Thereafter, during a vacation of the court, the accused being in jail, the sheriff, by his deputy, took his recognizance in the sum of five hundred dollars, with J. H. Shaefer and Charles Fuerth as sureties. At a subsequent term of the court, the recognizance was forfeited, and the sureties have appealed to this court.

The question for decision is, whether the sheriff has power, under such circumstances, to take a recognizance in a case of felony. We have no doubt that he has. The statute provides as follows: "When any sheriff, or other officer, shall arrest a party, by virtue of a warrant upon an indictment, or shall have a person in custody, under a warrant of commitment, on account of failing to find bail, and the amount of bail required is specified on the warrant, or if the case is a misdemeanor, such officer may take bail, which, in no case, shall be less than one hundred dollars, and discharge the person so held from actual custody." Rev. Stat., sect. 1832. The *capias* under which a person is arrested, after an indictment for crime, is called in our statutes a "warrant." Rev. Stat., sect. 1822. In each county in this state the sheriff, either by himself, or by a jailor appointed by him, and for whose conduct he is responsible, has charge of the jail and the custody of all prisoners therein. Rev. Stat., sect. 6071. This was, accordingly, a case where the sheriff had the defendant, Jenkins, in custody "under warrant of commitment on account of failing to find bail," within the language of section 1832, Revised Statutes; and he accordingly had the power to take the

recognizance under the terms of the statute, unless we are to hold that he had no such power because the amount of bail required, instead of being "specified on the warrant," as the statute recites, had been fixed by an order of court entered of record. So to hold would be to stick in the bark of the statute. The statute is to be construed liberally, so as to give effect to its purpose and intent, which is in favor of the liberty of the citizen. But the warrant, under which the prisoner was arrested and held, is not in the record. If it were, it would presumably show that the clerk had endorsed thereon the amount of bail fixed by the court, as already stated, as by the statute he is required to do. Rev. Stat., sect. 1830.

The judgment will be affirmed. It is so ordered. All the judges concur.