The State v. Whitecotton.

STATE OF MISSOURI, Respondent, v. JAMES H. WHITECOTTON *et al.*, Appellants.

St. Louis Court of Appeals, May 28, 1895.

1. **Criminal Law**: SUFFICIENCY OF RECOGNIZANCE: PROVISION AGAINST DEPARTURE OF RECOGNIZOR. A recognizance need only contain apt provisions for the attendance of the recognizor to answer the pending charge, when the sufficiency of the indictment is not questioned. In such case, a requirement that the recognizor should not depart the court without leave, is not requisite, it being intended to secure his attendance to answer further charges, if the indictment should be deficient or should not be prosecuted.

2. ———: ———: SPECIFICATION OF OFFENSE. A recognizance is not objectionable for insufficiency in the specification of the offense charged, when the title of the criminal proceeding against the recognizor is stated in it and the offense charged appears from the record.

3. ———: ———: ENTRY OF FORFEITURE. A judgment of the forfeiture may be entered directly upon the records of the court having jurisdiction of the cause without any prior entry on the minutes of that court.

4. ———: ———: ———. *Held*, by BOND, J., that, under the mandatory provisions of section 4134, of the Revised Statutes, a forfeiture of bail does not take place unless the court has directed the entry on its minutes, *i. e.*, the court record, of the fact that the principal of the bond has failed to appear without sufficient cause or excuse.

5. ——: ——: ——. *Held,* all concurring, that the existence of such recital on the minutes would be presumed, if it were necessary to the validity of the entry of the judgment.

*Appeal from the Shelby Circuit Court.*—Hon. Andrew Ellison, Judge.

Affirmed.

*R. P. Giles* and *James H. Whitecotton* for appellants.

*J. O. Allison* and *O. H. Avery* for respondent.

Bond, J.—The defendants entered into a recognizance for the appearance of Frank Whitecotton, who had been, jointly with another person, indicted for robbery in Ralls county, Missouri, and convicted, after severance and change of venue, in Shelby county, Missouri. The record entry of the recognizance of defendants is, to wit:

"State of Missouri,
　　　　*v.*
"Frank Whitecotton. 

"Now on this twenty-second day of December, 1891, at three o'clock, p. m., came James O. Allison and James T. Lloyd, who prosecute for the state and cause, also the defendant, Frank Whitecotton, in his own proper person and by his attorneys, Reuben F. Roy and R. P. Giles; and the motion heretofore filed for new trial coming on for hearing, and being seen and heard and duly considered by the court, and the argument of counsel having been heard, the court directed that the said motion for new trial be continued for the hearing until the next regular term of this court.

"And now comes the defendant, Frank Whitecotton, as principal, and George W. Whitecotton and James H. Whitecotton, as sureties, and enter into

recognizance with, and acknowledge themselves to stand indebted to, the state of Missouri in the sum of $2,000, to be levied of their goods, chattels, lands, tenements and effects, upon condition that Frank Whitecotton be and appear in his own proper person before the judge of this court, at the courthouse in the city of Shelbyville, Missouri, on the first day of the next regular term of this court, and during said term and every term thereafter until final orders of this court, and abide the action of the court, then this bond to be void, otherwise to remain in full force and effect. And this cause is continued."

At the June term of said court the motion for new trial in the case of the State v. Frank Whitecotton, which was pending when the above recognizance was taken, was sustained, and said cause was continued. On the twelfth of December, 1892, the following judgment of forfeiture was rendered, to wit:

"State of Missouri, ⎫
        v.                  ⎬
"Frank Whitecotton. ⎭

"Now on the twelfth day of December, 1892, come James O. Allison and James T. Lloyd, who prosecute for the state of Missouri; also come the regular and special panel of jurors, but the defendant, Frank Whitecotton, although three times solemnly called, comes not, but makes default.

"Thereupon, on motion of the plaintiff, a *capias* was ordered to be issued to the sheriff of Shelby county, Missouri, for the defendant, returnable at the next term of this court; and, it appearing to the court that the said Frank Whitecotton has failed to appear before this court for trial, as he was bound to do according to the conditions of his recognizance heretofore taken in this cause in the sum of $2,000, with George W. Whitecotton and James H. Whitecotton as securities,

but has herein wholly made default, it is, therefore, considered, ordered and adjudged, by the court that said recognizance be, and the same is hereby, adjudged forfeited. *Scire facias* is ordered to issue against said Frank Whitecotton and his securities in the recognizance, the said George W. Whitecotton and James H. Whitecotton, to show cause, if any, why judgment of forfeiture should not be rendered against them, returnable at the next term of this court, until which time this cause is continued."

Thereupon a *scire facias* was issued against defendants, wherein the foregoing recognizance and a judgment of forfeiture thereof were recited, and wherein it was averred that defendants had been three times solemnly called to produce the body of said Frank Whitecotton, and having failed so to do, judgment of forfeiture of their recognizance had been taken; wherefore they were required to show cause why the aforesaid judgment of forfeiture should not be made absolute. At the return term of said writs defendants were granted sixty days within which to file their answers thereto, which was done on the third of June, 1893.

The answer of defendants denied the existence of the recognizance and forfeiture recited thereof in the *scire facias*. It also denied that any lawful forfeiture had been taken against them, or that they or their principal had been called before said alleged forfeiture, and it averred that the judgment against them was absolutely void.

On the issues thus framed a trial was had on the sixth of October, whereat the recognizance and forfeiture thereof, set out *supra*, were introduced in evidence by the state over the objection of the defendants. Defendants offered evidence tending to show that, at the time of the entry of forfeiture of their recognizance, the court did not have before it any evidence showing

that Frank Whitecotton, the principal in the recognizance, was absent without sufficient cause or excuse. The evidence thus tendered by defendants was excluded by the court, to which ruling they duly excepted. Defendants also introduced evidence tending to show that, at the time said judgment was entered against them, the said Frank Whitecotton was sick and unable to be present in court. The court ruled that this evidence was improperly received, and should be ignored, and thereupon refused instructions requested by defendants, and gave final judgment against them for $2,000, from which the present appeal is prosecuted.

The first point made by defendants is that the recognizance is "irregular and incomplete," in that it does not contain a clause requiring the party indicted "not to depart the court without leave." This clause is not necessary when the recognizance is designed to secure the attendance of a party to meet the indictment which is the basis of the recognizance; its use is to detain the party to answer other charges, in the event the pending indictment is not prosecuted or is otherwise defective. *State v. Poston*, 63 Mo. 521; *State v. Livingston*, 58 Mo. App. *loc cit.* 449. As the validity of the indictment in this cause is not questioned, it was only necessary that the recognizance should contain apt terms securing the attendance of the party indicted to answer the pending charge. In this respect it appears from inspection to be amply sufficient.

It is further alleged by defendants that the recognizance is void, because the recognizor is not bound by its terms to answer some crime charged against him, or some indictment therein recited. This position is equally untenable. The title of the cause in which it was taken is set forth in the recognizance, and the record shows the offense charged in that cause. This was sufficient. *State v. Heed*, 62 Mo. *loc cit.* 561; *State*

*v. Randolph*, 22 Mo. 474; *State v. Davidson*, 20 Mo. 406. In the foregoing views we are all agreed.

The next error assigned is that neither the minutes of the court nor the record shows that the principal recognizor, Frank Whitecotton, failed to appear for trial without sufficient cause or excuse. The consideration of this point involves the construction of Revised Statutes of 1889, section 4134, which is to wit:

"If without sufficient cause or excuse, the defendant fails to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance; the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited, and the same shall be proceeded upon by *scire facias* to final judgment and execution thereon, although the defendant may be afterward arrested on the original charge, unless remitted by the court for cause shown."

On this assignment, my associates express the following opinion:

"The contention of the defendants is that, since the record entry of forfeiture does not recite that an entry was made upon the minutes of the court of the fact that the defendant failed to appear without sufficient cause or excuse, therefore the entire judgment of forfeiture is void. .

"There are two methods of procedure on forfeited bail bonds. The one is by direct suit upon the bail bond, in which the defendants may make all defenses which appertain to such suits. The other is the one adopted in this and other states providing for a *scire facias* against the sureties after entry of forfeiture. The defense that the forfeiture was illegally taken is necessarily still open to the sureties in the latter proceeding, because the statute expressly provides that final judg-

ment should be entered only upon the return of the *scire facias*, and that the court may remit the forfeiture for good cause shown. That the sureties may show valid and legal reasons upon return of the *scire facias* why execution should not be issued against them, is recognized in similar proceedings in this and other states. *State v. Peyton*, 32 Mo. App. 522; ; *State v. Traphagen*, 45 N. J. Law, 134; *The People v. Tubbs*, 37 N. Y. 586. No such defense was, however, attempted in the present case. It was shown by the state that a forfeiture of recognizance was taken by the state on the twelfth day of December, 1892, when the cause was set for trial, Frank Whitecotton not appearing. Thereupon a *scire facias* was issued against the defendants George W. and James H. Whitecotton to appear at the next term of court and show cause, if any, why judgment of forfeiture should not be rendered against them.

A *capias* was issued against Frank Whitecotton on the thirtieth day of January, 1893, returnable to the next term of court; and said *capias* was returned by the sheriff on the third day of April, 1893, showing that, after search made for said Frank Whitecotton, he could not be found. A writ of *scire facias*, issued against Frank Whitecotton at the same time, was returned in the same manner. On the tenth day of April, 1893, the cause being reached upon the docket, Frank Whitecotton was again called, and, not appearing, a second *scire facias* was ordered to issue against him, which was likewise returned not found by the sheriff on October 6, 1893. A third *capias* issued against him on the twentieth day of April, 1893, was likewise returned by the sheriff not found on the twenty-fifth of September, 1893. The *scire facias* against the sureties coming on for hearing on the sixth of October, 1893, the only defense interposed by them was 'that there is no such record in said court of said supposed recogni-

zance, and said supposed judgment of forfeiture, as is alleged in said writ of *scire facias*.' No attempt was made by the sureties by their pleadings to show that the said Frank Whitecotton was unable to attend, or had good cause for not attending the court when his cause was set for trial. On the contrary, the presumption arising from the successive returns of not found on the writs of *capias* and *scire facias*, namely, that he had absconded from the county, was in no way sought to be avoided. The only attempted defense of the sureties is the naked proposition that, because the record entry fails to recite an entry upon the minutes of the court, the entire proceeding is void.

"In the entire range of the adjudged law no case can be found which would uphold such a defense. In New York, under a statute almost identical in its terms, it was held that, when a defendant fails to appear and that fact is entered of record, the forfeiture of his bail is complete. *People v. Bennett*, 32 N. E. Rep. 1044, s. c., 33 N. E. Rep. 373. It would seem the height of absurdity to say that a mere entry upon the minutes of the court should operate as a judgment of forfeiture, but a recital upon its records in full of such a judgment is ineffectual. The proper administration of the criminal law demands that mere formal omissions, by which the rights of the sureties are in no wise prejudiced, should not operate to discharge their liability upon bail bonds. Such liabilities have been enforced in many cases presenting very substantial hardships. *State v. Scott*, 20 Iowa, 63; *Welburn v. People*, 76 Ill. 516; *Commonwealth v. Slocum*, 14 Gray, 395.

"It must be borne in mind, however, that in the case at bar not even a formal omission is shown, because it nowhere appears that the court did not enter the failure of Frank Whitecotton to appear upon its minutes. As there is a formal record entry of that

fact and the court is one of general jurisdiction, it. must be conclusively presumed that all antecedent steps leading up to the formal judgment entry have been taken. The law makes an immediate entry upon the minutes mandatory to prevent the lapse of a forfeiture, but it would be a strange doctrine which would deny to formal judgment entries the same probative force which is given to minute memoranda.

' "If, as the defendants claim, their principal was unable to appear owing to sickness, such showing may furnish good ground for executive clemency, as was suggested in *State v. Scott.* If they were unable to avail themselves of their defense at law and have been guilty of no laches, they might possibly invoke the relief of a court of equity. The mere fact, however, that the case is one which seems to present some hardships, is no ground for reversing a judgment brought about without legal error."

I do not concur in the foregoing views of my associates. In my opinion the statute, *supra,* is mandatory, and, according to its terms, a forfeiture of bail does not take place nor the right thereto accrue, unless the court has directed the entry on its minutes, *i. e.*, the court record, of the fact that the principal in the bond "has failed to appear without sufficient cause or excuse." Such a direction by the court is indispensable. But there is nothing in this record to show that it was not given either on the minutes of the judge or in a separate written order, and the latter mode was held sufficient in the New York case cited, *supra.* As the entry of judgment of forfeiture, in the absence of a contrary showing, presupposes the existence of the facts necessary to its validity, when made by a competent tribunal having general jurisdiction of the person and subject-matter, it must be presumed in this case that the court did in some adequate mode direct the

fact to be entered on its minutes, that Frank White-cotton "failed to appear without sufficient cause or excuse," in which event the judgment of forfeiture was not unauthorized. On these grounds alone I concur in the affirmance of this judgment.

The result is that the judgment herein is affirmed. All concur.