## WILLIAM GEORGE v. THE STATE OF KANSAS.
### No. 95.

1. RECOGNIZANCE—*Surety not Released by Omissions in Commitment.* When a prisoner is legally in custody, charged with a public offense, and the justice of the peace has ordered that he be released from such custody upon furnishing a sufficient recognizance in the sum of $300 for his appearance at the next term of the district court, and such a recognizance is furnished and is approved by the sheriff, and the prisoner is discharged from custody and given his liberty by reason of giving such recognizance, *held,* that upon a forfeiture of such recognizance a recovery thereon cannot be defeated because the justice of the peace neglected to indorse upon the order of commitment the amount of bail required.

2. ———— *Omission in Commitment Will not Release Surety.* If a blank in an order of commitment, which is left for the insertion of the name of the county containing the jail, is left vacant by the justice of the peace, this is no ground for defeating a recovery upon a recognizance to procure the release of the prisoner from the jail in which the justice orders him confined.

MEMORANDUM.—Error from Sumner district court; JAMES A. RAY, judge. Action to recover upon a forfeited recognizance by The State of Kansas against William George. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed February 6, 1896, states the material facts.

*W. W. Schwinn,* and *L. Nebeker,* for plaintiff in error.

*H. L. Woods,* county attorney, for defendant in error; *John G. Woods,* of counsel.

The opinion of the court was delivered by

DENNISON, J.: This is an action brought in the district court of Sumner county, Kansas, by The State of Kansas, as plaintiff, against William George, as defendant, to recover the amount due upon a forfeited

recognizance which had been executed by said William George as surety.   The record in this case shows that one Charles George had been arrested on a charge of grand larceny, and a preliminary examination had been held before one W. E. Cox, a justice of the peace.   Said justice found that a felony, to wit, the crime of grand larceny, had been committed, and that there was probable cause for believing that said Charles George was guilty of said crime, and that said George should be held to bail in the sum of $300 for his appearance at the next term of the district court of Sumner county, Kansas, for trial for said crime, and in default of bail should be committed to the common jail of said county until he should be discharged by due course of law.   Failing to give the bail required, he was committed to the county jail.   Afterward, William George entered into the following recognizance :

"The State of Kansas, plaintiff, v. J. J. Wilson and Charles George, defendants.   Before W. E. Cox, a justice of the peace of the city of Wellington, in Sumner county, Kansas.

"State of Kansas, Sumner county, ss.   Whereas, it appears that the offense of grand larceny has been committed, and there is probable cause to believe that the defendant Charles George and J. J. Wilson is guilty of its commission :  Now we, the undersigned, residents of said county, bind ourselves to the state of Kansas in the sum of $300 that said defendant, Charles George, shall appear before the district court of Sumner county on the first day of next term thereof, to answer the complaint in said cause alleged against him and not depart the same without leave.   WILLIAM GEORGE.

"Approved by me this 2d day of November, 1889. T. M. ADAMS, sheriff, by J. P. MILLARD, under-sheriff."

The above recognizance being approved and accepted by the sheriff of Sumner county, Kansas, the said de-

fendant Charles George was discharged from custody. At the next term of the district court of said Sumner county, the said defendant Charles George failed to appear, and, being in default, the above reconizance was forfeited.

To the petition of the state setting up the above state of facts the defendant, William George, filed the following answer (omitting title):

"The defendant, William George, for answer to the plaintiff's petition herein, denies that he ever entered into an obligation to or with the plaintiff, and he denies that he executed the recognizance and written obligation sued on to the plaintiff. He admits that he signed the instrument of writing sued on, and that the same was delivered to one J. P. Millard; that one T. M. Adams was at that time the sheriff of said Sumner county; that said J. P. Millard was acting or pretending to act at said time for and on behalf of said sheriff as under-sheriff.

"He further admits that Charles George had been committed to the jail of said county for want of bail, and avers that such commitment was by a warrant issued by W. E. Cox, justice of the peace, and directed to any constable of said county, and that at the time of said signing said warrant of commitment had been executed and said Charles George was then in the jail of said county, and in the custody of the keeper thereof; but this defendant avers that no direction or authority to take bail was indorsed on or contained in said warrant of commitment, and that it did not appear either in or upon said warrant of commitment that said Charles George was to be admitted to bail in the sum of $300, or in any specified sum, or that he was to be admitted to bail at all; that neither said sheriff nor said under-sheriff ever had any authority, by virtue of any order of any court or judge, justice of the peace, or any other officer, nor from any other source, nor in any way whatever, to take any bail from said Charles George, nor for his appearance.

"He says that said instrument was not given in pur-

suance of the order of said W. E. Cox, justice of the peace, and that the order alleged in plaintiff's petition to have been made by said W. E. Cox did not purport nor attempt to give to said sheriff or to said under-sheriff, or to any constable or other person, any right, power or authority to take, approve or accept from said Charles George, or from any surety for him, any bail or recognizance whatever, and said commitment so issued by said W. E. Cox did not contain nor have indorsed thereon any authority to any officer or person to take, accept or approve any bail whatever; that no other writ of any kind was issued in said prosecution nor any order respecting the taking of bail was ever made except as above stated; that the act of John P. Millard in attempting to take and approve said bond was wholly without authority; that no other officer or person ever took or approved or accepted, or attempted to take, approve, or accept, said written instrument except John P. Millard, and that only in the manner and form as aforesaid. And defendant further avers, that said warrant of commitment did not contain any command for taking said Charles George to the jail of Sumner county, Kansas, or to the jail of any particular or specified county. A copy of said warrant with all the indorsements thereon is filed herewith, marked ' Exhibit A.'

### EXHIBIT "A."

"The State of Kansas, plaintiff, *v.* J. J. Wilson and Charles George, defendants. Before W. E. Cox, a justice of the peace of the city of Wellington, in Sumner county, Kansas.

"State of Kansas, Sumner county, ss. The state of Kansas to any constable of said county, greeting: Whereas, it appearing that the offense of grand larceny has been committed, and there is probable cause to believe that the defendants, Charles George and J. J. Wilson, are guilty of the commission of said offense; and whereas, no sufficient bail has been offered in said defendants' behalf, for their appearance at the next term of the district court of said county to answer said charge alleged against them:

"You are therefore commanded to take and commit the said defendants to the jail of ——— county, there to remain until they shall be discharged by law, and deliver this writ to the jailer thereof.

"Witness my hand, at Wellington, in said county, this 26th day of October, 1889.

W. E. Cox, *Justice of the Peace.*"

To the above answer the state filed a general demurrer, which was by the court sustained, The said. defendant, William George, electing to stand upon the sufficiency of his answer, refused to file any further answer in the case, and judgment was rendered against him for the amount due upon said recognizance, and he brings the case here for review.

The only question to be determined by us, then, is the sufficiency of the answer. The plaintiff in error alleges that the recognizance is void because it was taken and approved by the sheriff without having an order of commitment from the justice of the peace specifying that Charles George should be confined in the jail of Sumner county, and without having indorsed on said order of commitment the amount of recognizance required by said justice. The defendant in error contends that all the requirements of paragraph 5219 of the General Statutes of 1889 have been strictly and fully complied with in this case. Said section reads as follows:

"No action upon a recognizance shall be defeated, nor shall judgment thereon be arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the clerk or magistrate to note or record the default of any principal or surety at the term or time when such default shall happen, or of any other irregularity, so that it be made to appear that the defendant was legally in custody, charged with a public offense, that he was discharged therefrom by reason of the giving of the

recognizance, and that it can be ascertained, from the recognizance, that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense.''

The answer admits that the defendant was legally in custody charged with a public offense and that he was discharged therefrom by reason of the giving of the recognizance, and there can be no question but that it appears from the recognizance that the surety undertook that the defendant should appear before the court or magistrate for examination or trial for such offense.    Paragraph 5119, *id.*, reads as follows:

''If the defendant is committed to jail, the magistrate shall make out a written order of commitment, signed by him, which shall be delivered to the jailer by the officer who executes the order of commitment. He shall indorse upon the order of commitment the sum in which bail is required.''

By this paragraph the justice is required to indorse upon the order of commitment the sum in which bail is required.    He did not do so.    Can the action upon this recognizance be defeated because of this irregularity?    We think not.    The prisoner was legally in custody, charged with a public offense.    The examining magistrate had ordered that he should be released upon furnishing a sufficient recognizance in the sum of $300 for his appearance at the next term of the district court.    He furnished the recognizance, and he was discharged from custody and given his liberty by reason of giving such recognizance.    When this plaintiff in error signed the recognizance he knew that he was signing the recognizance to procure the release of the prisoner; that he was giving a bond to be held in lieu of the prisoner; that the recognizance was taken for such purpose, and that it procured the release of the said prisoner.    It is no concern of his

whether the recognizance was ever approved by the sheriff or by the justice of the peace or anybody else. The sheriff might have refused to approve and accept the recognizance because of the failure of the justice of the peace to indorse on the commitment the amount for which the recognizance was required, but if he does accept the recognizance in lieu of the prisoner, and the recognizance is for the correct amount and proper in all respects, and the prisoner is released by reason of the execution and delivery thereof, an action upon said recognizance cannot be defeated by the irregularity of the examining magistrate in not indorsing said amount upon the commitment.

The omission of the word " Sumner " in the blank left in the commitment for the insertion of the name of the county containing the jail to which the prisoner is ordered to be committed is immaterial in this case. The commitment was addressed to any constable of Sumner county, and commanded him " to take and commit the said defendant to the jail of———county," and the prisoner was committed to the jail to which he was ordered to be committed by the examining magistrate. If the commitment is defective in that particular it should have been taken advantage of before the prisoner was released upon the recognizance. Failing in this, he must be considered to have waived that irregularity, if irregularity it was.

The judgment of the district court is affirmed.

All the Judges concurring.