STATE OF MISSOURI, Respondent, v. STEPHEN F. AUSTIN *et al.*, Defendants; JOSIAH CREECH, Appellant.

St. Louis Court of Appeals, February 23, 1897.

1. **Criminal Law**: RECOGNIZANCE: VALIDITY OF. The insufficiency of an indictment under a decision of the supreme court does not affect the validity of a recognizance for the principal's. appearance, given after such decision.

2. ———: ———: FAILURE OF RECORD OR MINUTES TO RECITE FACT OF NONAPPEARANCE OF PRINCIPAL: FORFEITURE. The court may adjudge a forfeiture of a recognizance for failure of the principal to appear, although neither the records of the court nor the minutes of the trial judge recite the fact of his nonappearance "without sufficient cause or excuse." *State v. Whitecotton*, 63 Mo. App. 8; BOND, J., dissenting.

3. ———: ———: SUFFICIENCY OF SHERIFF'S INDORSEMENT. It is not necessary for the sheriff to put a formal certificate on a recognizance; it is sufficient if he approves the bond, and the clerk of the court files it on the same day it is given. Moreover, where the amount of the bond is fixed by order of court, the sheriff is authorized to take the bond, although there be no specification of such amount on the warrant. *State v. Lay*, 128 Mo. *loc. cit.* 615; *State v. Jenkins*, 24 Mo. App. 433.

4. ———: ———: FORFEITURE: ADMISSION OF ORAL TESTIMONY. In a proceeding to enforce a forfeiture of a recognizance, where sufficient was shown from the record to warrant the forfeiture under the rule announced by the majority of the court in *State v. Whitecotton, supra,* the admission of oral testimony over defendant's objection (conceding that such proceedings are tried upon the record, and not upon matters *in pais*) was without prejudice to defendant.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED (with the concurrence of Judges BLAND and BIGGS in the rule announced in *State v. Whitecotton,* and against Judge BOND's dissent).

*Norton, Avery & Young* for appellant.

Neither the minutes of the judge nor the record show that defendant failed to appear "without sufficient cause or excuse." Sec. 4134, R. S. 1889; BOND, J., in *State v. Whitecotton,* 63 Mo. App. 8.

This case differs from that case in this, that we pleaded the failure of the court to make the entry, and introduced the record and minutes of the court to show that no such entry was made as required by the statutes, which brings it in line with the doctrine laid down by all the courts in that decision which would make the forfeiture void, *Id.* and cases cited.

Section 4129, Revised Statutes, 1889, requires the recognizance to be certified by the sheriff or other officer taking the same, and returned by him forthwith to the clerk of the court to which defendant is recognized, etc., which was not done in this case. *State v. Randolph,* 22 Mo. 474; *State v. Ferguson,* 50 *Id.* 409.

The court erred in permitting the oral testimony of the sheriff that he took the bond, and when he took it. The trial must be on the record. *State v. Zwifle,* 22 Mo. 467. See, also, *State v. Peyton,* 32 Mo. App. 522.

*J. W. Powell* for respondent.

If the amount of bail is fixed by an order of court entered of record, it is sufficient, though not indorsed upon the warrant. *State v. Jenkins,* 24 Mo. App. 433; R. S. 1889, sec. 4380.

It was not necessary for the record to recite that the defendant failed to appear without sufficient cause or excuse. *State v. Holtdorf*, 61 Mo. App., at 520; *State v. Whitecotton,* 63 *Id.* 8. See, also, 32 N. E. Rep. 373, 1044.

The bond was taken and approved by the sheriff, and filed with the clerk, which was sufficient. *State ex rel. v. Lay*, 128 Mo. at 615; *State v. Rogers*, 36 *Id.* 138; 37 Iowa, 522;. R. S. 1889, sec. 4380.

If the sheriff's indorsement was not a sufficient certificate, the omission was cured by the statute of jeofails. *State v. Culp*, 69 Mo. 530; R. S. 1889, sec. 4380. And did not in any manner prejudice the substantial rights of appellant. *State v. Peyton*, 32 Mo. App. at 529; *State v. Morgan*, 124 Mo. at 447.

All the objections of appellant are purely technical, and he can not take advantage of them to defeat his own voluntary action. *State v. Rogers*, 36 Mo. 168. See, also, *State v. Whitecotton*, 63 Mo. App. 8.

The officer's certificate is not necessarily written on the recognizance, and if it is necessary to sustain the judgment, the law presumes its existence, and that the court took notice of the fact. BOND, J., in *State v. Whitecotton, supra; State v.Rogers*, 36 Mo. 138; *State v. Riley*, 34 Mo. App. 426.

It is not error to receive extrinsic testimony from an officer of the court to substantiate the record, when the truth of the record is denied in defendant's answer to the writ. *State v. Peyton, supra.*

BOND, J.—Stephen Austin was indicted and convicted for larceny of a horse in the circuit court of Lincoln county.. Upon his appeal to the supreme court the judgment was reversed in the opinion delivered January 31, 1893. At the March term following in the circuit court of Lincoln county his bail was fixed

at $300, and the cause continued. On the tenth of April, 1893, the sheriff of Lincoln county approved a bond in the sum of $300 for the appearance of the defendant at the October term of said court. This bond was filed by the clerk of said court on the same day and adjudged forfeited by the court at its October term, 1893. On December 11, 1894, *scire facias* was served on the surety to show cause why the judgment of forfeiture should not be made final. His answer set up that his principal was not legally in custody at the time of the execution of the recognizance; that the records of the court failed to show his principal's non-appearance "without sufficient cause or excuse," or that the bail bond was certified to the clerk. The reply was a general denial. On the trial final judgment of forfeiture was rendered, from which the surety prosecutes this appeal.

There is no merit in the contention that the principal in the bond was not legally held when it was given. The insufficiency of the indictment RECOGNIZANCE: validity of. under the decision of the supreme court did not affect the validity of the bond given thereafter for defendant's appearance. *State v. Whitecotton*, 63 Mo. App. 8; *State v. Livingston*, 117 Mo. 627; *State v. Postern*, 63 Mo. 521; *State v. Morgan*, 112 Mo. 202; *State ex rel. v. Lay*, 128 Mo. 609; R. S. 1889, sec. 4380.

The second point urged for reversal is that neither the record of the court nor the minutes of the judge show that the principal in the recognizance RECOGNIZANCE: failure of record or mintues to recite nonappearance of principal: forfeiture. failed to appear "without sufficient cause or excuse." R. S., 1889, sec. 4134. In support of this point appellant introduced the minutes of the presiding judge and the record of the judgment *nisi* forfeiting the bail bond. It does not appear from either of these that the court

directed an entry on its minutes of the fact of the nonappearance of the principal "without sufficient cause or excuse." In my own opinion, as stated in the Whitecotton case, *supra*, this mandatory requirement of the statute should have been complied with, in order to validate a forfeiture of the recognizance. According to the view of my associates in that case, as I understand it, the court may decree a forfeiture of a recognizance, although neither the records of the court nor the minutes of the trial judge recite the fact of the nonappearance of the principal "without sufficient cause or excuse." Applying the rule as announced in that case, this point must be ruled adversely to appellant.

The next error complained of relates to the failure of the sheriff to put a formal certificate on the bail bond when he delivered it to the clerk of the circuit court. It is shown by the record that the sheriff approved the bond and that the clerk of the circuit court filed it on the same day it was given. This was sufficient. *State v. Lay*, 128 Mo. *loc. cit.* 615. It further appeared that the amount of the bail bond was fixed by an order of the court. This authorized the sheriff to take the bond, although there was no specification of said amount on the warrant. *State v. Jenkins*, 24 Mo. App. 433.

SUFFICIENCY OF sheriff's indorsement of bond.

Appellant insists that the court erred in receiving oral evidence over his objection. Conceding that proceedings to enforce forfeitures are tried upon the record and not upon matters *in pais* (*State v. Payton*, 32 Mo. App. 522), there was enough shown by the record in this case to warrant the forfeiture under the rule announced by the majority of the court in the *Whitecotton* case. Hence appellant was not prejudiced by

RECOGNIZANCE: forfeiture: admission of oral testimony.

the oral testimony adduced on the trial. With the concurrence of the other judges in that rule, and against my dissent, the judgment will be affirmed.