## THE STATE v. FRANK GRANT and JOHN E. MARKSBURY, Appellants.

**In Banc, November 24, 1913.**

**BAIL BOND:** Taken by Sheriff: Amount Not Indorsed on Commitment. A bond taken by the sheriff for a prisoner committed to jail for a felony, in the amount fixed by the justice of the peace by an entry in his docket, is valid and binding upon its sureties, although the warrant of commitment did not contain any indorsement or recital showing what amount of bail the justice had required the accused to give. There is nothing in the statute (Sec. 5041, R. S. 1909) indicating that the justice cannot fix the amount of bail in some other manner than by an indorsement upon the commitment; and if the sheriff takes a bond for the same amount recited in the justice's docket, it will be presumed that the sheriff had notice of that recital and acted in obedience to it, and that he did not fix the amount of bail.

Appeal from Marion Circuit Court.—*Hon. William T. Ragland,* Judge.

AFFIRMED.

*Ben F. Glahn* for appellants.

(1) The sheriff had no authority or power to take or accept the recognizance, nor to fix the amount thereof, the charge being a felony, and the prisoner being held under a commitment issued by a justice of the peace, the commitment not having specified thereon the amount of bail required. Sec. 5126, R. S. 1909; State v. Holt, 234 Mo. 598; State v. Crosswhite, 195 Mo. 1. (2) A bond or recognizance taken in a criminal case, before an unauthorized person, has no savor of validity about it. State v. Randolph, 26 Mo. 213; State v. Nelson, 28 Mo. 13; State v. Ferguson, 50 Mo. 409; State v. Caldwell, 124 Mo. 512; State v. Pratt, 148 Mo. 407; State v. Woodward, 159 Mo. 684; State v. Crosswhite, 195 Mo. 1. (3) The taking of a bond by

an unauthorized person is not a mere irregularity but is a fatal defect. State v. Crosswhite, 195 Mo. 1; State v. Woodward, 159 Mo. 680.

*John T. Barker*, Attorney-General, and *William M. Fitch*, Assistant Attorney-General, for the State.

(1) *Scire facias* is an incident to a suit already begun, and is not a new suit. State v. Peyton, 32 Mo. App. 522. (2) A proceeding under *scire facias* partakes largely of a civil action, and is governed by its rules. State v. Morgan, 124 Mo. 475; State v. Millsaps, 69 Mo. 362. (3) In a preliminary hearing before a justice of the peace, where defendant is held to answer in the circuit court for a felony, the justice has power to fix the amount of bail at the time the commitment is issued. Secs. 5039, 5040, 5041, R. S. 1909. (4) In default of bail the justice must commit the defendant to jail, there to remain until discharged by law. Sec. 5040, R. S. 1909. (5) The justice did fix the amount of bail to be taken, and entered same upon his records. (6) Where the amount of the bond is fixed by a proper officer the sheriff may accept bail as fixed, but not otherwise. Sec. 5126, R. S. 1909; State ex rel. v. Frazier, 165 Mo. 242. (7) Sheriff may also take bail where the amount is not indorsed on the commitment if the amount is shown by the records of the court. State v. Jenkins, 24 Mo. App. 434; State v. Creech, 69 Mo. App. 377; State v. Austin, 141 Mo. 487; Sec. 5019, R. S. 1909; Trimble v. State, 3 Ind. 151; George v. State, 3 Kan. App. 566; 5 Cyc. 84, 103-105. (8) Entries by a justice of the peace, upon his docket, are evidence of such facts as the law requires him to make, and of no others. Sec. 7404, R. S. 1909; Brown v. Pearson, 8 Mo. 159; Carpenter v. Roth, 192 Mo. 658; Fabien v. Grabow, 134 Mo. App. 193. (9) After justice of the peace commits to jail he then loses jurisdiction of the case and can make no further orders.

State v. Randolph, 26 Mo. 216. (10) It is admitted by the sureties (a) that the defendant was charged with a felony before the justice of the peace; (b) that he waived preliminary examination; (c) that his bond was fixed at $500; (d) that he was committed to jail in default of bail; (e) that the commitment was delivered to the sheriff; (f) that the sheriff had the lawful custody of the defendant; (g) that the defendant was released upon these bondsmen signing the recognizance; the only defense is that the amount of the bond was not indorsed on the commitment. The position of appellants cannot be maintained for the following reasons, viz.: (a) Sec. 5126, R. S. 1909, on this point is merely directory. (b) Sec. 5019, R. S. 1909, cures the defect. (c) Appellants are in no position to raise this question because it was upon the faith of their written promise that defendant was released; and they should be in good conscience estopped from claiming the bond to be void after defendant had gained his liberty thereby and had failed to appear as per their written promise. State v. Ansley, 13 La. Ann. 298; State v. Nicol, 30 La. Ann. 630; State v. Hendricks, 40 La. Ann. 724. (11) Bond taken by a sheriff must be certified by him, and filed with the clerk of the court in which defendant is required to appear. Sec. 5129, R. S. 1909. (12) All statutes bearing on the same subject should be construed as one act. State ex rel. v. Patterson, 207 Mo. 194. All statutes *in pari materia* should be considered in determining any one of them. Grimes v. Reynolds, 184 Mo. 694. The spirit, intent and meaning of a statute should control over its letter where there is any conflict. State v. Mudd, 232 Mo. 577; Cape Girardeau v. Riley, 52 Mo. 427; Keeney v. McVoy, 206 Mo. 42; State ex rel. v. Ferry Co., 208 Mo. 622; Sullivan v. Reynolds, 209 Mo. 161. (13) It was competent to show by oral testimony that the sheriff knew of the order made by the justice fixing the amount of the bail, for an oral notice may be

received by the sheriff to take bail. State v. Wyatt, 6 La. Ann. 701; State v. Hendricks, 40 La. Ann. 719. (14) The provisions requiring the sheriff to take bail as indorsed on the commitment is directory and not mandatory. Maxcy Co. v. Bowie, 96 Me. 435. As to the distinction between a mandatory provision and one that is directory, see State v. Mudd, 232 Mo. 577; Cape Girardeau v. Riley, 52 Mo. 427.

BROWN, J.—By the circuit court of Marion county the defendants were adjudged to pay $500 to the plaintiff on a forfeited recognizance, from which judgment they appeal.

On July 11, 1911, one Burley Grant was arrested and brought before D. A. Brown, a justice of the peace of Marion county, charged in an information by the prosecuting attorney of said county with a felony. Grant pleaded guilty to the charge. The justice thereupon, by an entry in his docket, fixed the bond of said Grant at $500 for his appearance before the circuit court of Marion county to further answer to said information. The said Burley Grant having failed to enter into the bond as required, the justice issued his commitment commanding the jailor of Marion county to receive and confine him (Grant) until he should be discharged according to law.

Said warrant of commitment did not contain any indorsement or recital showing what amount of bond or bail the justice had required said Grant to give.

Burley Grant was received by the sheriff as *ex officio* jailor of Marion county and imprisoned until the 5th day of August, 1911, when he was released by said sheriff under a bond in the sum of $500, requiring him to appear before the circuit court of Marion county to answer the charge for which he had been arrested. Said bond was signed by the appellants, approved by the sheriff and filed with the clerk of the circuit court.

Said Burley Grant failed to appear before the circuit court on the date designated in said bond for his appearance, whereupon this proceeding and the judgment appealed from followed.

The appellants set up in their answer numerous defenses to the enforcement against them of the bond, but the only assignment of error urged here for reversal is the alleged lack of authority on the part of the sheriff to take and approve the bond because the justice did not indorse on or recite in the commitment the amount of bond fixed by the justice in his docket.

The issue we are called upon to decide is stated by appellants in their brief in the following succinct language:

"The sole question in this case is whether or not the sheriff had authority to take the recognizance, where he was holding the prisoner under a warrant of commitment issued by a justice of the peace, the warrant not having indorsed thereon, or recited therein, the amount of bail required, and the charge against the prisoner being a felony."

The sheriff, over appellants' objection and exception, testified that he took from Burley Grant a bond in the sum of $500 signed by appellants, because the deputy sheriff had informed him that the justice had fixed the amount of bond at said sum.

The defendants cite the case of State v. Crosswhite, 195 Mo. 1, holding that a sheriff cannot fix the bail in a felony case, and the case of State v. Woodward, 159 Mo. 680, holding that the clerk

Bail: Fixed by Sheriff: No Indorsement on Commitment.

of a court of record cannot fix the amount of a bail bond, unless the judge of such court be absent from the county; also other cases supporting their contention that when the amount of a bail bond is fixed by an officer who is not at that particular time vested with the legal authority so to do the bond is void.

To sustain appellants' contention it appears to be necessary to hold that a justice of the peace cannot fix the amount of bail which a defendant is required to give in any other manner than by indorsing such amount on the warrant of commitment.

Where the defendant is arrested upon a warrant issued by a justice of the peace charging a bailable offense, such justice undoubtedly has full power to release the defendant upon such bond as he deems sufficient. [Sec. 5021, R. S. 1909.]

Section 5041, Revised Statutes 1909, does direct that when a defendant is committed for a bailable offense "it shall be the duty of the magistrate to indorse on the warrant of commitment the sum in which bail *was* required." There is nothing in the language of this section which indicates that the justice cannot fix the amount of bail required of a defendant in some other manner than by an indorsement on the commitment. It rather implies that the amount of bail must be fixed by the justice before the commitment is issued, and that the act of indorsing the amount on the warrant is only evidence of something which the justice has already done by proper entry in his docket.

The issue tendered by appellants' learned counsel in this case is highly technical, and we have no fault to find with it on that account, as laws of this character are usually construed liberally in favor of the bondsmen, but, nevertheless, courts in construing all classes of law should keep on speaking terms with common sense and refuse to give effect to mere colorable technicalities which do not affect the substantial rights of litigants.

If the sheriff had taken from appellants a bond in a larger amount than fixed by the justice, it could

readily be seen why they would have a right to complain, but such is not the case. The appellants signed a bond for the exact amount which the justice had fixed by the entry in his docket, and the same amount the justice would have indorsed on his commitment if he had made the indorsement which the statute requires. So, it is clearly apparent that the failure of the justice to properly indorse the commitment did not prejudice the appellants in the slightest degree—unless they signed the bond under the belief that it was void and without any intention of fulfilling its obligations. We cannot attribute to them any such frivolous design.

*Bond: In Same Amount Fixed by Justice.*

If the law had required a formal process in writing from the justice to the sheriff directing or commanding him to accept from the defendant, Burley Grant, a bond in a designated sum, and no such process had been issued and delivered, then there would be substance in appellants' contention. [Benton County v. Morgan, 163 Mo. 661.] But the mere matter of making an indorsement on the commitment was not a process—it was a mere evidential matter to guide the sheriff and save him the trouble of examining the justice's docket or otherwise ascertaining the amount at which the bail bond had been fixed. Under the facts in this case we hold that as the sheriff actually took a bond for the amount fixed by the justice, the sheriff will be presumed to have had notice of the amount so fixed, and to have acted upon the order and direction of the justice, and that the sheriff did not himself fix the amount of said bond.

The cases of State v. Jenkins, 24 Mo. App. 433, l. c. 434; George v. State of Kansas, 3 Kan. App. 566, l. c. 571; and Trimble v. State, 3 Ind. 151, l. c. 153, support the views herein expressed. It is true, as contended by appellants, that the language used by the St. Louis Court of Appeals in the Jenkins case is in a certain

sense *obiter,* but it is nevertheless, sound law, and not in conflict with any other ruling in this State to which our attention has been called.

Being fully convinced, after a careful consideration of the law and the facts, that the record before us is free from error, we affirm the judgment.

The motion of the Attorney-General to transfer this cause to the St. Louis Court of Appeals is overruled. [State v. Hoeffner, 137 Mo. 615; State v. Epstein, 186 Mo. 89; State v. Hunter, 150 Mo. App. 10.]

*Lamm, C. J., Walker* and *Woodson, JJ.,* concur; *Faris, J.,* concurs as to our jurisdiction, but dissents as to result; *Graves, J.,* dissents as to our jurisdiction, but agrees with opinion, if we have jurisdiction; *Bond, J.,* dissents as to jurisdiction and therefore does not vote on opinion.