STATE v. HOEFFNER, *Appellant.*

Division Two, February 16, 1897.

1. **Criminal Procedure:** APPEALS: FELONY. An appeal from a proceeding to enforce a forfeiture of a recognizance in a sum less than $2,500, is properly brought to this court, rather than to the court of appeals, where the original offense was a felony.

2. ———: ———: ———. A proceeding to enforce a recognizance in a criminal case is not an original action at law, but a continuation of the criminal proceeding already begun.

3. ———: ———: ———: JURISDICTION. Whether the St. Louis criminal court has jurisdiction to enforce a forfeiture of a recognizance in a criminal case, and whether this court has jurisdiction on appeal therefrom, must depend upon the fact whether the original proceeding in which the recognizance is taken, was a felony or a misdemeanor.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

AFFIRMED.

*Morris, Butler & Fitzgerald* for appellant.

*E. C. Crow*, attorney-general, for the state.

GANTT, P. J.—On the fourth day of April, 1895, Andrew Connor, as principal, and George Hoeffner, as surety, entered into a recognizance before the judge of the St. Louis court of criminal correction in the penal sum of $500 for the personal appearance of said Connor before the said court on the eighth day of April, 1895, then and there to answer a charge of false personation of another person, to wit, one William Brown, at an election held in said city on the second day of April, 1895, under the laws of said city and this state. On the eighth day of April said Connor failed to appear, and his said surety was called to bring said Connor into court, but failed so to do, and made default himself, and thereupon in pursuance of the statute governing the case the recognizance and default were duly certified to the St. Louis criminal court, and on November 27, 1895, the said recognizance was declared forfeited and *scire facias* was ordered issued against said Connor and said Hoeffner, returnable on the first Monday in January, 1896. The return on the *scire facias* was a *non est* as to Connor and personal service on Hoeffner. Afterward at the return term Hoeffner having made no answer or filed other plea, a judgment by default was rendered against him for the amount of said recognizance and for costs. Five days later Hoeffner filed his motion to set aside the judgment because his counsel was sick. On February 1 this motion was overruled, and an appeal was prayed and granted to this court.

A motion has been made in this court to transfer this cause to the St. Louis court of appeals, because the judgment appealed from is less than $2,500.

Section 5 of "An act to prevent corrupt practices in elections, to limit the expenses of candidates and political committees and provide penalties and remedies for violation of said act," Laws of 1893, page 157, provides that "a person shall be deemed guilty of the offense of personation, who, at any election held pursuant to the laws of this state, applies for a ballot paper in the name of some other person, whether that name be of a person living or dead," and makes such offense a felony, punishable by imprisonment in the penitentiary not less than two years nor more than five years.

Connor, the principal in the forfeited recognizance before us, was charged with the offense of false personation of William Brown, a living man, at the city election in St. Louis, April 2, 1895.

In *State v. Randolph*, 22 Mo. 474, this court, speaking through Judge LEONARD, decided that a proceeding to enfore a recognizance in a criminal case was not an original action at law, but was a continuation of the criminal proceeding already begun. To that decision this court adhered in the recent cases of *State v. Hoeffner*, 124 Mo. 488, and *State v. Murmann*, 124 Mo. 502. If the proceeding to enforce the recognizance be not a part of the criminal proceeding, it is clear that neither the criminal court of St. Louis or any other court having exclusive criminal jurisdiction would have power to forfeit or collect these recognizances in criminal cases, whereas we have invariably held otherwise. We think it is plain that the St. Louis criminal court has jurisdiction to enforce these forfeitures of recognizances in criminal cases, and whether this court has jurisdiction on appeal therefrom, must depend upon the fact whether the original proceeding in which the recognizance is taken was a felony, or a misdemeanor. If the charge was a felony then the proceedings in that case would be a continuation of a prosecution for

felony, and this court would have jurisdiction to make effective that charge, on the familiar principle of law that where jurisdiction of the main question attaches, every incident necessary to make that jurisdiction effectual follows as a matter of law. Logically we think that as an appeal upon the main charge of felony must be heard in this court, so also must all the auxiliary proceedings to that charge be heard here. On the same principle if the indictment be for a misdemeanor and a recognizance given for the appearance of defendant to appear to that charge, and a forfeiture follows from which an appeal is prosecuted, the jurisdiction will be in the St. Louis court of appeals or Kansas City court of appeals, according to the county in which the offense occurs, and this even though the bond or recognizance may exceed $2,500. It follows the motion to transfer to the St. Louis court of appeals must be denied, and as no other suggestion has been made and no error is found in the record proper, the judgment of the criminal court of St. Louis is affirmed. SHERWOOD and BURGESS, JJ., concur.