State v. Epstein.

**Division Two, January 31, 1905.**

1. **RECOGNIZANCE: Appellate Jurisdiction.** The Supreme Court has jurisdiction of an appeal from a judgment enforcing a recognizance to answer to an indictment for a felony, regardless of the amount for which judgment may be entered, the proceeding to enforce the recognizance being not an original action at law, but a continuation of the criminal proceeding already begun.

2. **————: Forfeiture: Misrecital of Date In Scire Facias: Variance.** The noting of a forfeiture is not the final determination of the liability of the defendant and his sureties in the recognizance, but it is merely a preliminary step to the issuance of the *scire facias*. A mere misrecital of the date of noting the forfeiture does not amount to a substantial variance. And the fact that default was made on April 20th and the forfeiture was noted on that day, whereas the *scire facias* recited that the forfeiture was taken on April 21st, does not constitute reversible error.

3. **————: Scire Facias: Demurrer: Waiver.** In a proceeding to enforce a recognizance by *scire facias* a demurrer to the *scire facias* is waived by pleading over.

4. **————: ————: Failure to Allege Offense.** It is not essential to the validity of a recognizance or a *scire facias* to enforce the same that it should specify on its face the specific charge which the party is to answer. Where the recognizance refers to the indictment by its specific number, and in general terms to the statute upon which the indictment is bottomed, that is sufficient.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Thos. B. Harvey* for appellant.

(1) It is the court's action on a day certain which is alleged to give the State its right of action stated in the *scire facias,* and its case fails in the absence of said alleged action as by its record of that date. The surety has the right to know definitely from the State when the alleged default of his principal and himself occurred. (2) "It (the *scire facias*) should also describe the offense with such particularity as to show with what offense the accused was charged and to answer for which the recognizance was taken." 5 Ency Law and Proc., 141; Rich v. Colquitt, 61 Ga. 197; Thomas v. People, 13 Ill. 696; State v. Brown, 41 Me. 535; Hannah v. Wells, 4 Ore. 249.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) A proceeding by *scire facias* is a continuation of the original proceeding and is not a new action. State v. Randolph, 22 Mo. 474; State v. Heed, 62 Mo. 559; State v. Hoeffner, 124 Mo. 488; State v. Peyton, 32 Mo. App. 527. (2) The recognizance in words refers to the indictment herein as No. 143, which is the number of the indictment in question, and it states that the defendant stands charged with the offense of violating section 2202, Revised Statutes 1899. This variance is not of such character as will vitiate the proceedings, as was held by the court in case of State v. Millsap, 69 Mo. 359. It is also charged that there is a variance between the order of forfeiture and the *scire facias,* in that the order shows that the bond

was forfeited on the 20th day of April, while the *scire facias* recites the 21st as being the day.   Under the decisions above referred to, however, no substantial variance is shown.

GANTT, J.—This is an appeal from the circuit court of St. Louis for the trial of criminal cases.   The proceeding was a *scire facias* to enforce a recognizance bond executed by Louis Soviner as principal and the appellant, Samuel Epstein, as surety, on April 11, 1903, before the Hon. O'Neill Ryan, judge of the circuit court of the city of St. Louis, Division No. 9, in the penal sum of $600, "upon condition that if the said Louis Soviner shall personally appear before the circuit court of the city of St. Louis, Division No. 9, from day to day during the present term and on the first day and from day to day of any future term thereof to which this cause may be continued, then and there to answer an indictment No. 143 preferred by the grand jurors of said city against said Louis Soviner for the offense of violating section 2202, Revised Statutes 1899, and shall not depart the said court without leave thereof, then this recognizance to be void, else to remain in full force and effect."

The indictment, to answer which the foregoing recognizance was entered into, was numbered 143 and was in the following words and figures:

"State of Missouri,    ⎫
                        ⎬ ss.
"City of St. Louis:    ⎭

"Circuit Court, city of St. Louis, February term, 1903.

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present, that Louis Soviner and May Smith on or about the third day of August, one thousand, nine hundred and two, at the city of St.

Louis aforesaid, were the keepers and persons in charge of a common bawdy house and common assignation house at and in the building situated on North Twelfth street in said city, wherein divers females of lascivious habits were kept and to be kept for the purpose of prostitution and promiscuous illicit sexual intercourse with divers lewd men and whereto and wherein men and women did resort for the purpose of lewd and lascivious practices and whoring; and that the said Louis Soviner and May Smith did then and there unlawfully and feloniously permit one Bridget O'Brien, a female then and there under the age of eighteen years, to-wit, of the age of seventeen years, to enter in and remain in said common assignation house and common bawdy house; against the peace and dignity of the State.

"W. SCOTT HANCOCK,
"Asst. Circuit Atty.

"A true bill,

"B. B. GRAHAM, Foreman,      CASPER J. WOLF,
"Filed March 28th, 1903.          Clerk, etc."

On the day this indictment was preferred in open court, to-wit, March 28, 1903, it was assigned by order in general term to Division No. 9 of the circuit court for trial of criminal causes, presided over by Hon. O'Neill Ryan.

On Wednesday, April 11, 1903, the defendant, Louis Soviner, being in custody was brought into court by the sheriff and was arraigned and entered his plea of not guilty and thereupon the cause was continued for the State by and with the consent of defendant, and afterwards, at the same term of the court, and on the 11th day of April, 1903, the above recited recognizance of the defendant Soviner with Samuel Epstein as surety was taken and approved and filed. Afterwards, on the 20th of April, 1903, the cause was called for trial and the defendant Soviner being three times

solemnly called to come into court and answer said indictment No. 143, failed and neglected to do so, and thereupon said surety Samuel Epstein was thrice called to produce the body of defendant, Soviner, but made default and thereupon a forfeiture of the recognizance was adjudged and noted on the minutes and a *scire facias* directed to issue against said Louis Soviner and Samuel Epstein, and a capias against said Louis Soviner.

Afterwards, on May 13, 1903, the following *scire facias,* under the hand of the clerk of said court and the seal thereof, was issued and executed on said Samuel Epstein by the sheriff of said city on the 15th day of May, 1903:

"SCIRE FACIAS
"IN THE CIRCUIT COURT, CITY OF ST. LOUIS,
"Division No. 9.
"April Term, 1903.

"City of St. Louis, ⎱
                    ⎰ ss.
"State of Missouri,

"THE STATE OF MISSOURI,
"To the Sheriff of the City of St. Louis,
                    Greeting:

"Whereas, On the eleventh day of April, A. D., 1903, at the city of St. Louis, before the Honorable O'Neill Ryan, Judge of our circuit court of the city of St. Louis, Division No. 9, Louis Soviner and Samuel Epstein, in their proper persons, personally came and acknowledged themselves, jointly and severally, to owe the State of Missouri the sum of six hundred dollars to be levied on their respective goods and chattels, lands and tenements, yet upon condition that if the said Louis Soviner should personally appear before our said circuit court of the city of St. Louis, Division No. 9, from day to day during the present term and on the first day and from day to day of

any future term thereof, to which this cause may be continued, then and there to answer to an indictment No. 143, preferred by the grand jurors within and for said city of St. Louis, against the said Louis Soviner, for the offense of violating section 2202, Revised Statutes 1899, and should not depart our said court without leave thereof, then the said recognizance to be void, else to remain in full force and effect (as by the said recognizance now remaining of record in our said court manifestly appears); and whereas, afterward, to-wit, on the 1st day of April, A. D., 1903, the said cause was continued for the State, and whereas, afterwards, to-wit, on the 21st of April, A. D., 1903, at the city of St. Louis aforesaid, before our said circuit court of the city of St. Louis, Division No. 9, held as aforesaid, the said Louis Soviner, although then and there solemnly demanded by our said court to come into court according to the condition of his said recognizance, came not, but made default and failed therein, and the said Samuel Epstein, although demanded then and there by our said court to bring into court the body of the said Louis Soviner and save his recognizance, came not, but failed therein, wherefore, it was considered by our said court, that the recognizance, as well of the said Louis Soviner as of the said Samuel Epstein, be forfeited (as by the record and process thereof likewise remaining in our said court fully appears), and yet the said sum of six hundred dollars by the said Louis Soviner and the said sum of six hundred dollars by the said Samuel Epstein acknowledged as aforesaid from them, the said cognizors, remain to be levied.

"Therefore, we command you to make known to the said Louis Soviner and Samuel Epstein according to law, that they appear before our said circuit court of the city of St. Louis, Division No. 9, upon the first day of the next term thereof, to be begun and held at the city of St. Louis on the first Monday of June, A. D., 1903, then and there to show cause, if any they have,

or anything can say, why the State of Missouri should not have execution against them of the debt aforesaid, in form aforesaid by them acknowledged to be due according to the force of said recognizance, if it shall seem expedient so to do.

"And have you then and there this writ, with your return thereon how you execute the same.

"Witness. Casper J. Wolf, clerk of said circuit court of the city of St. Louis, for criminal causes, with the seal of said court hereto affixed, at offices in said city of St. Louis, this thirteenth day of May, A. D., 1903.                                    "CASPER J. WOLF,

"Clerk of the circuit court of the city of St. Louis, for criminal causes.

"Executed this writ in the city of St. Louis, this fifteenth day of May, 1903, by delivering a true copy of the same to the within named Samuel Epstein, as surety.                    "JOSEPH F. DICKMANN, Sheriff,

"By PETER J. SHILLING, Deputy.

"After due and diligent search by the sheriff the within named Louis Soviner can not be found in the city of St. Louis.    "JOSEPH F. DICKMANN, Sheriff,

"By PETER J. SHILLING, Deputy."

"Fee $1.00.

On June 3, 1903, the defendant Epstein obtained several days' additional time to plead to the *scire facias*, and on June 9, 1903, filed his demurrer thereto in the following words:

"IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS.

"Division No. 9, June Term, 1903.
"State of Missouri, plaintiff,
               vs.                          No. 122.
"Louis Soviner and Samuel Epstein, defendants.

"Now at this day comes defendant, Samuel Epstein, by his attorney, and says that the writ of *scire facias* is insufficient to show any cause of action, and he demurs to the same for the following reasons:

"1.    That the said *scire facias* does not state facts sufficient to constitute a cause of action.

"2.    Its allegations are inconsistent and repugnant.

"3.    It alleges that the recognizance of the defendants was entered into on the eleventh day of April, 1903, conditioned for the appearance of Louis Soviner 'from day to day during any present term, and on the first day and from day to day of the future term thereof, to which this cause may be continued;' and subsequently it is alleged that said cause was continued from the first day of April, and that on the twenty-first day of April the said Soviner was called and made default.

"4.    The return upon said *scire facias* shows that the defendant Soviner has not been served with process to answer herein.

"5.    Because said *scire facias* does not show that the recognizance was given and executed for appearance of the principal to answer any charge of which this court has jurisdiction."

On July 10, 1903, said demurrer was considered and overruled, and on July 20, 1903, said Epstein filed his answer thereto as follows:

"State of Missouri, City of St. Louis, ss.:

"IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS.

"June Term, 1903.

"State of Missouri, plaintiff,

         vs.

"Louis   Soviner, defendant, and   Samuel   Epstein, surety.

No. 143, Division No. 9—Proceeding on *scire facias* on forfeited recognizance.

"Comes now defendant, Samuel Epstein, by his attorney, and for answer to the *scire facias* herein, says that the judgment of forfeiture should not be made

absolute and execution should not issue thereon because,

"(1)   He denies generally each and every allegation contained in said *scire facias*.

"(2)   The record of this court in the cause of the State of Missouri v. Louis Soviner, defendant, does not show jurisdiction in said court of said charge or of said defendant and does not show jurisdiction to require said defendant to appear before said court or to give bail for such appearance.

"(3)   The recognizance herein does not show upon is face that any charge was pending either by information or indictment against defendant, Louis Soviner, of which this court had jurisdiction and by virtue of which it could lawfully issue its *capias* for his arrest or to require his appearance to answer thereto.

"(4)·  Because the alleged indictment in this cause was insufficient in law to confer any jurisdiction upon the court to arrest or require recognizance of the defendant for his appearance before said court; but that said indictment was without any legal effect and force and conferred no authority upon said court to require or take recognizance herein or to order forfeiture thereof."

On November 6, 1903, the said cause coming on for hearing, was heard by the court and judgment rendered for the State for $600 and costs, according to the terms of said recognizance.

Motions for new trial and in arrest were duly filed, heard, and overruled, and defendant Epstein appealed to this court.

I.   This cause is within the appellate jurisdiction of this court, although the judgment was for six hundred dollars and costs, only for the reason that the proceeding to enforce said recognizance is not an original action at law, but was a continuation of the crim-

inal proceeding already begun, to-wit, an indictment for a felony.

As an appeal upon the main charge of felony must be heard in this court, so also must the auxiliary proceeding thereon be heard in this court on appeal. [State v. Hoeffner, 137 Mo. 612; State v. Hoeffner, 124 Mo. 488; State v. Murmann, 124 Mo. 502.]

II. Two grounds for reversal are urged by defendant Epstein.

*First,* because the record shows that the defendant Soviner defaulted when the cause came on for hearing on the twentieth of April, 1903, and when he and his surety, Epstein, were called and did not answer and the forfeiture was noted on that day, whereas the *scire facias* recites that said forfeiture was taken on April 21, 1903. This it is urged was a fatal variance between the allegations of the *scire facias* and the record offered in evidence.

We think the mere misrecital of the date of the forfeiture is not reversible error.

The recognizance in terms and effect bound defendant Epstein to produce his principal, Soviner, to appear at the April term, 1903, of the said circuit court, and he was bound to take notice of all sittings and continuances of the cause during said term. The mere noting of a forfeiture is not the final determination of the liability of the defendant and his sureties. It is merely a preliminary step to the issuance of the *scire facias*. A mere misrecital of the date of noting the forfeiture can not and does not amount to a substantial variance. The office and purpose of the *scire facias* under our practice is to notify the sureties of the default of their principal and afford them an opportunity to show cause why execution should not issue against them. To say when a surety comes to inquire whether a forfeiture has been noted against his principal that he can inquire as to the particular day only which the

*scire facias* recites and not inquire whether said forfeiture was taken at all during the term or at any time when his principal was bound to appear, is to sacrifice substance to form. This court has uniformly set its face against relieving sureties of their obligations on such trivial pretences, and the Legislature of this State,' as early as 1879, provided by section 2077, Revised Statutes 1879, that, "No proceeding upon a recognizance shall be defeated, nor shall judgment thereon be prevented or arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the justice *or clerk* to note or record the default of any principal or surety at the time or *term* when such default shall happen, or for any other irregularity, so that it be made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a *court* or magistrate at a term or time specified for trial." That section was continued in the same form in section 4380, Revised Statutes 1889, and was held in State v. Morgan, 124 Mo. l. c. 478, to apply to recognizances taken in circuit courts. [State v. Austin, 141 Mo. l. c. 487.]

The same section is now found in the Revised Statutes of 1899 as section 2800.

It is plain that had the clerk omitted the recital of the exact date of noting the forfeiture it would not have been fatal; no more can the mere misrecital of one day be fatal. This section harmonizes with and supplements our very liberal statute of jeofails in criminal cases. It is a salutary provision and we have followed and enforced it.

Our conclusion is that the first objection must be ruled against the defendant Epstein; that the variance was immaterial and not fatal.

III.  As to the first proposition under the second point in defendant's brief, it suffices to say that the record to which we look in the enforcement of recognizances expressly shows that when this indictment was returned by the grand jury it was by order of the general term assigned to Division No. 9 of the circuit court for the trial of criminal causes, presided over by Judge O'Neill Ryan, and he took and approved the recognizance, so that it was taken before the judge before whom the indictment was pending.  The main proposition, under this point, appears to be that "neither the *scire facias* nor the recognizance nor any part of the record, alleges any offense, but simply says for violating section 2202, Revised Statutes 1899."

It is urged that the demurrer to the *scire facias* should have been sustained on this account.  As to the demurrer it is sufficient to say it was waived by pleading over (State v. Morgan, 124 Mo. l. c. 475), and, therefore, there was no error in overruling the motion for new trial for failure to sustain the demurrer.

The recognizance on its face bound the defendant Soviner to appear before the circuit court of the city of St. Louis, Division No. 9, from day to day during the present (April) term and on the first day and from day to day of any future term thereof to which this cause may be continued, then and there to answer to an indictment No. 143, preferred by the grand jurors of said city against said Louis Soviner for the offense of violating section 2202, Revised Statutes 1899, and not depart the court without leave thereof.  The insistence is that the *scire facias* should describe the offense with such particularity as to show with what offense the accused was charged and to answer for which the recognizance was taken.  Concede this is a fair and conservative statement of the law and apply it to this case.  The *scire facias* recited that Soviner and Epstein bound themselves that Soviner should appear in Division No. 9 of the criminal court "to answer to an indictment

No. 143 preferred by the grand jurors of the city of St. Louis against him the said Soviner for the offense of violating section 2202, Revised Statutes 1899.''

''*Id certum est quod certum reddi potest.*''

Now Soviner had been indicted in the circuit court and the indictment was a file and part of the record of said court. It had an office number, 143, and Soviner moreover had been arraigned on that indictment which charged him with keeping a bawdy house in violation of section 2202, Revised Statutes 1899. The recognizance referred to this indictment by its specific number and in general terms to the statute upon which it was bottomed.

In State v. Millsaps, 69 Mo. 359, it was held that where the recognizance named the offense as larceny and the *scire facias* as petit larceny this was no substantial variance. In State v. Randolph, 22 Mo. 474, Judge LEONARD announced the rule which has since obtained in this State to be that ''although a recognizance can only be taken to secure the performance of some act that the law allows to be secured in that way, we do not deem it essential to the validity of the recognizance that it should specify on its face the specific charge that the party is to answer to.''

In this case the recognizance binds the defendant to answer to a specific indictment against himself, No. 143, in the ninth division of the circuit court of the city of St. Louis, and names the offense as a violation of section 2202, Revised Statutes 1899.

We think this amply specific, and this point also must be and is ruled against Epstein, the surety.

These bail bonds are allowed in the interest of defendants that they may be free until they are tried and either convicted or acquitted. It is not the purpose to permit defendants to enter into them to escape trial and punishment and then allow the sureties to defeat their solemn obligations after the defendants have escaped. Those who make a specialty of signing these

bonds must be prepared to produce their principals according to their requirements, or pay the penalties which they have voluntarily assumed.

Judging from the frequency with which the defendant Epstein appears in this court, seeking to defeat his obligations on these bonds, going on these bonds must be his principal business. Something more meritorious must appear than is apparent from this record to allow him to escape the plain obligations of his undertaking. The judgment is affirmed.

All concur.