STATE OF MISSOURI, Respondent, v. LEE HUNTER et al., Appellants.

St. Louis Court of Appeals, June 14, 1910.

JURISDICTION: Supreme Court: Scire Facias on Bond Given in Felony Case. As the action on an appearance bond is an ancillary proceeding to the criminal prosecution, an appeal by the sureties on such bond from a judgment against them, though only for $500, must be to the Supreme Court, if the prosecution was for a felony.

Appeal from New Madrid Circuit Court.—*Hon. H. C. Riley,* Judge.

TRANSFERRED TO SUPREME COURT.

*W. G. Bray, J. T. McKay* and *John H. Bradley* for appellant.

*Henry C. Riley, Jr.,* for respondent.

REYNOLDS, P. J.—It appears by the transcript in this case that one John Holt, then being in the custody of the sheriff of New Madrid county, under capias issued on the information filed in the circuit court of that county, wherein and whereby he was charged with the crime of grand larceny, entered into recognizance for his appearance at the next term of that court to answer that charge, the defendants Lee Hunter and J. A. Cresap being his sureties in his recognizance. Holt not appearing at the term, his recognizance was declared forfeited and *scire facias* issued. At the return term the sureties appeared and on a trial judgment went against them for $500, the amount of the penalty named in the recognizance. Whereupon they appealed to this court.

In the case of State v. Epstein, 186 Mo. 89, 84 S. W. 1120, the Supreme Court (l. c. 97), held that such cases are within the appellate jurisdiction of the Supreme Court, that court holding that while the amount of the judgment on the recognizance may be below the limit of appellate jurisdiction of that court, a proceeding to enforce the recognizance is not an original action at law, but a continuation of the criminal proceeding already begun and pending under the information charging a felony; that as an appeal upon the information for the felony must be to the Supreme Court, so also must the auxiliary or ancillary proceeding on the recognizance. This case is accordingly transferred to the Supreme Court of the State of Missouri. All concur.