J. C. W. CROUCH, Appellant, v. FREDERICK W. HOLTERMAN, Respondent.

St. Louis Court of Appeals.     Argued and Submitted October 2, 1914.     Opinion Filed November 3, 1914.

SUPREME COURT: Jurisdiction: Title to Real Estate Involved. The purchaser of real estate at an execution sale brought ejectment against the judgment creditor, and judgment was rendered in his favor. The judgment creditor moved to quash the writ of possession issued on this judgment, on the ground that the real estate constituted his homestead and hence was not subject to be sold under execution, which motion was sustained. On appeal to the Court of Appeals from this order, *held* that the case was one involving title to real estate, and hence the Supreme Court alone had jurisdiction, under Sec. 12, Art. VI, of the Constitution, necessitating the transfer of the case to that court.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

TRANSFERRED TO THE SUPREME COURT.

*Hugh D. McCorkle* for appellant.

*John B. Dempsey* for respondent.

REYNOLDS, P. J.—It appears that about the year 1900, one Holdenreid recovered a judgment before a justice of the peace against Holterman, the defendant here; that in 1903, the judgment was revived, and a transcript of the judgment filed in the office of the clerk of the circuit court July 3, 1903. Execution was issued on this judgment in October, 1911. A levy was made under the execution, and in November, 1911, at a public sale under the execution, the real estate here involved, a lot situated in the city of St. Louis, was bid in by plaintiff and a deed duly executed to him. He thereupon instituted his action in ejectment against plaintiff to recover possession of land. Although duly and personally served with summons in the action in ejectment, defendant made default. Judgment went against him in favor of plaintiff for the possession of the land, assessing the monthly profits and awarding damages. Writ of possession was issued and placed in the hands of the sheriff. Whereupon defendant appeared in the circuit court in which the judgment, had been rendered, and out of which execution had issued, and moved to quash the execution upon the ground that the lot constituted his homestead and was not subject to be taken under the execution issued in the ejectment case. The circuit court sustained this motion and quashed the execution, holding that the premises were the homestead of defendant, and that the judgment for possession in the ejectment action was void. From this plaintiff appealed to our court. The cause was argued before us and submitted by counsel, no question of our jurisdiction being raised. Nor did that question then present itself to our court. When taking up the case for consideration we were confronted with the proposition that as this motion, the action of the court upon which was in question, had been made in an action in ejectment, the cause is one over which action we have no jurisdiction. Our Supreme Court has decided in

State v. Hœffner, 137 Mo. 612, 38 S. W. 1109, that a procceeding to enforce a recognizance given in a felony case is not an original action, but a continuation of the criminal proceeding already begun and that notwithstanding the amount of the recognizance was within the jurisdiction of our court, that the Supreme Court had jurisdiction. We followed that in State v. Hunter et al., 150 Mo. App. 10, 129 S. W. 717, in which the amount of the recognizance sought to be enforced was only $500, and transferred the case to the Supreme Court. We are not advised of the result there but the cause has not come back to our court.

In Dunn v. Miller, 96 Mo. 324, 9 S. W. 640, plaintiff brought his suit in equity to annul a judgment in ejectment. It was held that the suit involved title to real estate.

On the principle of these cases we are of opinion that we have no jurisdiction over the case at bar and that it should be transferred to the Supreme Court. It is accordingly so ordered. *Nortoni* and *Allen, JJ.*, concur.