## THE STATE v. HENRY STREUTKER, Surety, Appellant.

Division Two, May 26, 1921.

1. **SCIRE FACIAS: Forfeited Recognizance in Felony Case: Civil Proceedings: Jurisdiction of Appeal.** A proceeding by *scire facias* against a surety on a forfeited bail bond for the appearance of the defendant in a prosecution for felony is a civil proceeding auxiliary to the prosecution of the defendant for the felony, and

therefore, the Supreme Court has jurisdiction of an appeal from a judgment against the surety, even though it be in an amount less than the limit of the court's jurisdiction in an ordinary civil case.

2. ——: ——: ——: ——: *Compliance with Rules.* Section 4106, Revised Statutes 1919, requiring the appellate court, on an appeal in a criminal case, to consider errors whether assigned or not, does not apply to an appeal by a surety from a judgment rendered against him in a proceeding by *scire facias* on a forfeited bail bond given for the appearance of a defendant in a prosecution for felony, because such section applies only to appeals authorized by Article 15, Chapter 25, Revised Statutes 1919; nor is such judgment "on any indictment or information" within the meaning of Section 4086 of said article; nor is such appeal by such surety an appeal by the defendant in an indictment or information. Hence on his appeal such surety must comply with the rules of the appellate court in order to secure a review of the proceedings against him, and failing so to do, his appeal will be dismissed.

Appeal from St. Louis Circuit Court.—*Hon. Vital W. Garesche,* Judge.

APPEAL DISMISSED.

*Jesse W. Barrett, Attorney-General,* and *J. Henry Caruthers,* Special Assistant Attorney-General, for respondent.

Appellant has filed no brief herein. *Scire facias* is the proper remedy to enforce recognizance after forfeiture. 6 C. J. 1057-58; State v. Caldwell, 124 Mo. 509; State v. Hoeffner, 124 Mo. 488.

WHITE, C.—This is a proceeding by *scire facias* upon the alleged forfeiture of a recognizance wherein Emmett J. Carroll, charged with the crime of forgery, was principal, and Henry Streutker, appellant was his surety.

The transcript of the record which was sent here Statement. shows that the cause against Carroll was pending in the Circuit Court of St. Louis, June 20, 1919, was assigned to Division No. 10 of that court, and

on October 14, 1919, was continued to the next term of court. The record recites that on October 17, 1919, the defendant failed to appear; a forfeiture was declared and *scire facias* ordered. The *scire facias* was issued on the tenth day of November, 1919. December second, 1919, the defendant's surety, Henry Streutker, appeared and filed his answer. January 23, 1920, the proceeding was continued until the next term of the court. The record then shows that on March 12, 1919, (evidently a clerical error for March 12, 1920) Henry Streutker, not having sufficient reason shown why the State of Missouri should not recover its debt and costs according to the terms of the bond, it was ordered that judgment be entered against him for the sum of $1500. The record recites that Streutker filed his motion for new trial March 16, 1920; it was overruled March 22nd; March 29th, Streutker filed his affidavit for appeal, and the appeal was allowed to this court. There being no bill of exceptions the motion for new trial does not appear in the record. The answer of defendant Streutker is not copied in the transcript of the record.

I.   The appellant has filed in this court no assignment of errors, no brief, and made no appearance. If this case is to be treated as an appeal from a judgment on an indictment or information it would be the duty of this court to consider all that appears in the record and to determine whether any error has been committed, in obedience to Section 4106, R. S. 1919, regardless of that failure of the appellant. Otherwise it should be treated as a civil case and the appeal should be dismissed for failure.

Felony Case: Forfeited Recognizance: Civil Case.

The reason why this court has assumed jurisdiction of proceedings by *scire facias* to forfeit bail bonds and recognizances where the amount is less than seven thousand five hundred dollars, is stated in the case of State v. Hoeffner, 137 Mo. 612, l. c. 614-615, where the court said:

"If the charge was a felony then the proceedings in that case would be a continuation of the prosecution

for felony, and this court would have jurisdiction to make effective, that charge, on the familiar principle of law that where jurisdiction of the main question attaches, every incident necessary to make that jurisdiction effectual follows as a matter of law."

In the case of State v. Epstein, 186 Mo. 89, Judge GANTT expressed it in this way, l. c. 98:

"As an appeal upon the main charge of felony must be heard in this court, so also must the *auxiliary* proceeding thereon be heard in this court on appeal."

The above cited cases were approved in the late case of State v. Wilson, 265 Mo. l. c. 10. It will be noticed that the reasons given by this court for retaining jurisdiction of such cases is because it is auxiliary to a felony of which it had jurisdiction, not because the case in itself confers jurisdiction. The court which has jurisdiction of the felony case must retain authority to enforce any judgment which is rendered in that felony case.

The judgment fixes no punishment and requires no appearance of the judgment defendant. In form it is a money judgment for which execution may issue, not against the person of the defendant but against his property. In effect and form it is a civil case.

II.   But whatever view may be taken of the nature of the proceedings there can be no room to say that Section 4106, Revised Statutes 1919, requiring this court to consider errors whether assigned or not applies, because that section applies only to appeals authorized by Article 15, Chapter 25, Revised Statutes of 1919. Section 4086 of that article provides that "in all cases of

——: Appeal Dismissed.

final judgment rendered on *any indictment or information,* an appeal to the supreme court or court of appeals shall be allowed to the defendant." This is not a judgment rendered upon any indictment or information, and the *defendant* in an indictment or information has not appealed. The surety

on a recognizance has appealed from a judgment against him in this collateral proceeding. He must comply with the rules of this court in order to secure a review of the proceeding. Having failed to do so, the appeal should be dismissed. It is so ordered. *Railey* and *Mozley, CC.*, concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.